**ARCTIC MOTOR FREIGHT, INC., Petitioner,**

v.

**Harold W. STOVER, Respondent.**

**No. 3599.**

Supreme Court of Alaska.

Dec. 2, 1977.

John W. Pletcher, III, Anchorage, for petitioner.

W. Michael Moody, Atkinson, Conway, Young, Bell & Gagnon, Inc., Anchorage, for respondent.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

RABINOWITZ, Justice.

Respondent Harold Stover instituted an action in the superior court to recover damages for personal injuries allegedly caused by the negligence of petitioner Arctic Motor Freight, Inc. Subsequently, Arctic Motor submitted a motion for an order waiving Stover's physician-patient privilege. Petitioner Arctic Motor now seeks review of the

waiver orders which were entered by the superior court. The gist of petitioner's contentions is that the questioned orders are too restricted in the extent to which they waive the physician-patient privilege of Harold Stover.

We have determined to review this matter because of the conflicting superior court interpretations accorded our opinion in *Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148 (Alaska 1976). In that case, we reaffirmed our holding in *Mathis v. Hilderbrand,* 416 P.2d 8 (Alaska 1966), that the filing of a personal injury action results in the plaintiff's waiver of his physician-patient privilege. Of controlling significance here is that portion of the *Drobny* and *Vervick*[1] opinion in which we held

> that the filing of a personal injury action waives the physician-patient privilege as to all information concerning the health and medical history relevant to the matters which the plaintiff has put in issue.[2] The scope of the waiver extends to all matters pertinent to the plaintiff's claim, including but not limited to those matters the relevancy of which is based on a historical or causal connection.[3]

Although this court had before it two dissimilar waiver orders in *Drobny* and *Vervick,* we disposed of the cases by stating, "The orders entered below shall be interpreted in conformity with this opinion, and as such those orders are affirmed."[4] This disposition has perhaps contributed to the inconsistent interpretations the *Drobny* and *Vervick* opinion has received in the superior court.[5] Reflective of this confusion is peti-

---

1. *Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148, 1151 (Alaska 1976).

2. 8 Wigmore, Evidence § 2389 (McNaughton rev. 1961); *Collins v. Blair,* 256 Ind. 230, 268 N.E.2d 95 (1971) (footnote in original).

3. The opinion also explained:
   We wish to emphasize . . . that issues of relevancy are to be interpreted in accord with a long line of discovery decisions of this court, starting with *Miller v. Harpster,* 392 P.2d 21 (Alaska 1964). Binding further as part of our definition of relevancy, within

the context of discovery, is Civil Rule 26(b)(1), which provides in part:
   'It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'
*Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148, 1151 n.12 (Alaska 1976).

4. *Id.* at 1152.

5. The order in the *Vervick* case provided:
   It is ordered that the physician-patient privilege of the plaintiff, Carol Vervick, is

tioner Arctic Motor's contention that the scope of the waiver of a plaintiff's physician-patient privilege in personal injury litigation is not limited in any manner by considerations of relevancy.

In the instant case Arctic Motor submitted a proposed order which was identical in all important respects to the *Vervick* order.[6] This proposed order read, where relevant:

> [IT IS ORDERED] that the physician-patient privilege of the plaintiff is waived and that the defendant or its representatives are empowered to inquire of all physicians, hospitals, clinics, chiropractors, nurses, therapists or other similar person *relative to the physical condition of the plaintiff,* and to acquire from these individuals, corporations or entities, such documents and materials, records, notes and physical evidence as are in their possession. (emphasis added)

Respondent Stover submitted a proposed order identical in all significant respects to the *Drobny* order.[7] Respondent Stover's order stated in relevant part:

> [IT IS ORDERED] that the physician-patient privilege of Harold W. Stover is waived and that the Defendant or its representatives are entitled to [in]quire of physicians, clinics, chiropractors, nurses, therapists, or other similarly situated

persons *concerning any matter which is relevant to bodily injuries*: (1) *complained of by Harold W. Stover; and* (2) *received on or about December 1, 1977, allegedly the result of an intersection collision* with a truck belonging to Arctic Motor Freight, Inc. *Subject to the foregoing limitation,* Defendant or its representatives may acquire from such individuals, corporations or entities, such relevant documents, materials, records, notes and physical evidence as are in their possession. (emphasis added)

The superior court adopted respondent Stover's order in toto and adopted petitioner's proposed order only after the court amended it in conformity with the order Stover had submitted.

██ We affirm the superior court's construction of *Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148 (Alaska 1976), as reflected by the waiver orders it entered in the case at bar. We take this occasion to reiterate our holding in the *Drobny* and *Vervick* decision that the filing of a personal injury action by the plaintiff results in a waiver of his physician-patient privilege as to all information concerning his health and medical history relevant to the matters which he has placed in issue in the litigation. Further, we em-

---

waived and that the defendant or its representatives are empowered to inquire of all physicians, hospitals, clinics, chiropractors, nurses, therapists or other similar person relative to the physical condition of the plaintiff, Carol Vervick, and to acquire from these individuals, corporations and entities, such documents and materials, records, notes and physical evidence as are in their possession. The *Drobny* order read:

It is ordered that the physician-patient privilege of Richard H. Drobny is waived and that the defendants or their representatives are entitled to inquire of physicians, clinics, chiropractors, nurses, therapists or other similarly situated persons concerning any matter which is relevant to bodily injuries: (1) complained of by Richard H. Drobny and (2) received on or about January 29, 1976, allegedly the result of a slip and fall accident.

According to petitioner Arctic Motor, this court's affirmance of the above orders has created confusion as to the extent the physician-patient privilege is waived by institution of a

personal injury action. In this regard, petitioner states:

The matter is still sufficiently unclear that there are conflicting opinions in the Superior Court as to which order should be entered. Judges Ripley and Hanson have entered orders waiving the physician-patient privilege in the form submitted by defense counsel, even though opposition was made to the entry of the order. . . .

Judge Singleton is the only Judge currently refusing to enter the order waiving [the] physician-patient privilege in the form submitted by defense counsel

·    ·    ·    ·    ·

**6.** The text of the *Vervick* order appears in note 5, *supra.*

**7.** The text of the *Drobny* order appears in note 5, *supra.*

phasize that the "scope of the waiver extends to all matters pertinent to the plaintiff's claim, including but not limited to those matters the *relevancy* of which is based on a historical or causal connection." [8]

█ Thus, we conclude that the superior court correctly rejected petitioner's proposed order regarding waiver of the physician-patient privilege. The order, as submitted, was inconsistent with our explicit holding in the *Drobny* and *Vervick* opinion because it failed to limit the scope of the patient-physician waiver to relevant matters.[9] As to the precise texts of the orders which were entered by the superior court, we are of the view that if any such general orders are necessary concerning waiver of the physician-patient privilege, they should be drafted along the following lines:

> IT IS ORDERED that the physician-patient privilege of Harold W. Stover is waived concerning any matter which is relevant to bodily injuries complained of by Harold W. Stover received on or about December 1, 1975, allegedly the result of an intersection collision with a truck belonging to Arctic Motor Freight, Inc., including those matters which may have an historical or causal connection to those injuries.

█ The opinion in *Vervick* and *Drobny* also noted that when a waiver of the physician-patient privilege has occurred, discovery normally should proceed without judicial participation:

Since the filing of the personal injury suit is the operative fact of waiver, it should not be necessary for the defendant to file a formal request in court. If defendant is required to obtain court-ordered waiver, then clearly costs and attorney fees are appropriate in all but the most unusual cases.[10]

However, we think it appropriate to emphasize that waiver of the physician-patient privilege does not require physicians to speak with defense counsel; waiver merely removes barriers to physicians talking with defense counsel if they so choose. By clarifying the scope of the waiver our disposition of the instant petition should encourage counsel to confer in good faith concerning discovery, to exchange information and to comply with requests "in a manner demonstrating candor and common sense." [11]

Affirmed.

---

8. *Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148, 1151 (Alaska 1976).

9. *See also* Civil Rule 26(b)(1) which authorizes "discovery regarding any matter, not privileged *which is relevant to the subject matter involved* in the pending action . . . .." (emphasis added)

10. *Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148, 1152 n.15 (Alaska 1976). We also encouraged the use of informal discovery methods in order to facilitate early evaluation and settlement of cases, to reduce litigation costs and to apply judicial resources wisely. *Id.* at 1152.

11. *Id. See generally Continental Ins. Cos. v. Bayless and Roberts, Inc.,* 548 P.2d 398, 411 (Alaska 1976).

We consider it inappropriate to address any other issue sought to be raised in the petition and opposition thereto. Although we note petitioner's belief that under the superior court's waiver orders, it has been precluded from discovering whether any of respondent's prior medical conditions provides an alternative explanation for respondent's alleged symptoms, we think it sufficient to observe that such an interpretation would contravene the holding of *Drobny* and *Vervick.* There we explained that relevancy is broadly defined—consistent both "with a long line of discovery decisions of this court, starting with *Miller v. Harpster,* 392 P.2d 21 (Alaska 1964)" and with Civil Rule 26(b)(1). *Trans-World Investments v. Drobny* and *Vervick v. Anchorage,* 554 P.2d 1148, 1151 n.12 (Alaska 1976).