**AURORA CHASE, Plaintiff**

v.

**PEOPLE'S DRUG STORE, Defendant**

Civil No. 537/1988

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

May 3, 1989

JUDITH A. CONTE, ESQ., (ALKON & RHEA), St. Croix, V.I., *for plaintiff*

WILFREDO A. GEIGEL, ESQ., St. Croix, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

May a defendant's counsel, as an aid to discovery, conduct an ex parte interview with plaintiff's treating physician with respect to matters relating to the litigation when the patient-plaintiff has not consented to such interview? For the reasons herein stated, this Court responds in the affirmative.

### I.

Plaintiff alleges that she incurred eye damage as a result of an improperly filled prescription for "eye" drops with "ear" drops by the defendant.

Counsel for defendant orally informed the plaintiff's counsel that he intended to conduct an ex parte interview with plaintiff's treating physician, Dr. Alfred Anduze, who has consented to such interview. Plaintiff's counsel objected to the interview and defendant moved this Court for permission to conduct the ex parte interview.

Plaintiff concedes that by instituting this action she has extinguished the physician-patient privilege to the extent that her medical condition will be a factor or element in the litigation.

### II.

Although the plaintiff authorized the treating physician to provide access to the plaintiff's medical records, the plaintiff

initially argued that depositions are the only appropriate means by which the physician may furnish additional information.

In support of this position, plaintiff cited Weaver v. Mann, 90 F.R.D. 443 (D.N.D. 1981) wherein the court concluded that the "practice of engaging in private conversations with plaintiff's physicians is not contemplated by the rules."

Plaintiff likewise contends that an ex parte informal interview would permit defense counsel to privately inquire into irrelevant matters and could lead to a breach of confidentiality by delving into areas not covered by the waiver.

Defendant has argued that once there is a waiver, it is complete; that neither party has a proprietary right with references to witnesses, including treating physicians of a patient-plaintiff, and that allowing ex parte oral interview would reduce the expense of pretrial discovery which would be incurred if the treating physician must be formally deposed to obtain any information beyond what is in the medical history and treatment records.

Courts throughout the United States that have struggled with this issue of ex parte interview of treating physicians are sharply divided. The plaintiff's position has been supported by a number of courts. Miles v. Farrell, 549 F. Supp 82 (N.D. Ill. 1982). Alston v. Greater South Community Hosp., 107 F.R.D. 35 (D.D.C. 1985) (limited to deposition); Garner v. Ford Motor Co., 61 F.R.D. 22 (D. Alaska 1973) (no specific authorization of interviews contained in Fed. R. Civ. P.); Wenninger v. Muesing, 240 N.W. 2d 333 (1976) (depositions guard against unauthorized disclosure of information that is privileged or irrelevant and presence of patient's attorney protects physician from unwitting disclosure of confidential information); Jaap v. District Court, 623 P.2d 1389 (1981) (Montana Rules do not authorize personal interviews); Anker v. Brodnitz, 413 N.Y.S.2d 582 (Sup. Ct.), aff'd, 422 N.Y.S.2d 887 (1979) (New York Rules do not authorize interviews; difficult for physician to determine the extent to which patient's privilege has been waived because issue of legal relevancy is complex; therefore, rule requiring formal discovery will lessen number of suits against doctors for wrongful disclosure); Cwick v. Rochester, 338 N.Y.S.2d 753 (1976); Hammonds v. Aetna Casualty & Surety Co., 243 F. Supp 793 (D. Ohio 1965). Petrillo v. Syntex Laboratories, Inc., 499 N.E.2d 952 (1986) (Public policy favors the confidentiality of the physician-patient privilege and thereby prohibits extra-judicial ex parte discussion of a patient's medical confidences.).

185

Courts in other jurisdictions that have upheld the right of defendant's counsel to conduct informal interviews of plaintiff's treating physicians have done so recognizing that court rules do not prohibit such interviews and that those interviews constitute a more efficient and less expensive method of trial preparation. Doe v. Eli Lilly & Co., 99 F.R.D. 126 (D.D.C. 1983); Trans-World Investments v. Drobny, 554 P.2d 1148 (Alaska 1976); see also Gailitis v. Bassett, 146 N.W.2d 708 (1966) (no reason given for allowing interview of plaintiff's physician); Arctic Motor Freight, Inc. v. Stover, 571 P.2d 1006 (Alaska 1977); Stufflebaum v. Appelquist, 694 S.W.2d 882 (1985); Green v. Bloodsworth, 501 A.2d 1257 (1985) (no express law or rule prohibiting defense counsel from obtaining information through informal discussion and no public policy consideration involved); Corallyzo v. Fass, 450 So.2d 858 (1984).

It has been said that Court opinions which prohibit an adverse party from meeting privately with a treating physician reflect the fear of undue influence. On the other side of the coin, it has also been noted that the goal of discovery is impeded when a physician is compelled to appear for deposition without an adequate opportunity to understand the nature of the controversy and to prepare himself for examination by attorneys in the case. Lazorick v. Brow, 480 A.2d 233 (1984).

■ This Court is fully aware of the very legitimate concerns expressed by both parties herein. The defendant has relied on the general proposition that no party to litigation has a propriety right to any witness's evidence. For "absent a privilege, no party is entitled to restrict an opponent's access to a witness, however partial or important to him, by insisting upon some notion of allegiance." See Doe v. Eli Lilly & Co., 99 F.R.D. at 128. The defendant is interested in proceeding with trial preparation by interviewing plaintiff's treating physician, without resorting to the rigidity, expense or inconvenience of a deposition conducted pursuant to the Federal Rules of Civil Procedure. Moreover, the defendant appears to seek candor and spontaneity which would be more readily apparent in an interview. On the other hand, the plaintiff seeks to protect confidential information not relevant to the litigation and relies on the physician's professional obligation to preserve confidentiality. The plaintiff may also desire to preserve the physician's loyalty. See e.g., Alexander v. Knight, 177 A.2d 142 (1962). (Members of the medical profession "owe their patients more than just medical care for which payment is exacted; there is a duty

of total care; that includes and comprehends a duty to aid the patient in litigation, to render reports when necessary and to attend court when needed.")

■ The availability of the formal discovery mechanisms provided by the Federal Rules of Civil Procedure does not preclude the use of personal interviews. Personal interviews are an accepted, informal method of assembling facts and documents in preparation for trial. Stempler v. Speidell, 495 A.2d 857 (1985). This Court joins those courts that have indicated that interviews should be encouraged as should other informal means of discovery which would reduce litigation costs and trial preparation time as well as facilitate early evaluation and settlement of cases and the wise application of judicial resources. See TransWorld Investments v. Drobny, 554 P.2d 1148, 1152 (1976). Green v. Bloodsworth, 501 A.2d 1257 (1985).

> Unless impeded by privilege, an adversary may inquire, in advance of trial, by any lawful manner to learn what any witness knows if other appropriate conditions the witness alone impose are satisfied, e.g., compensation for his time and expertise or payment of reasonable expenses involved, and while the Federal Rules of Civil Procedure have provided certain specific formal methods of acquiring evidence from recalcitrant sources by compulsion they have never been thought to preclude the use of such venerable, if informal discovery techniques as the ex parte interview of a witness who is willing to speak. Doe v. Eli Lilly & Company, Inc. 99 F.R.D. 126, 128 (1983).

Accordingly, this Court finds that the concerns of both parties can be adequately met if this Court were to adopt the modified approach utilized in Stempler v. Speidell, 495 A.2d 857 (1985). That enlightening decision contemplated that an order or authorization should require that defendant's counsel provide the physician with a description of the anticipated scope of the interview and communicate, with unmistakable clarity, the fact that the physician's participation is voluntary.

To require reasonable notice to plaintiffs counsel before defendant's counsel may conduct an ex parte interview, represents a balancing of the interests. It permits plaintiff's attorney to notify the treating physician of the parameters such questioning may take, thus limiting the potential for inappropriate conduct, while

at the same time permitting the defendant to engage in his desired informal discovery.

■ Accordingly, this Court concludes that defendant's motion for permission to conduct an ex parte interview with plaintiff's treating physician, provided adequate notice is given to plaintiff's counsel as indicated herein, is granted.