**Fred E. GARNER and Jacqueline L. Garner, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**Civ. No. F–16–73.**

United States District Court,
D. Alaska.

Nov. 2, 1973.

Lloyd I. Hoppner, Fairbanks, Alaska, for plaintiff.

Sigurd E. Murphy, Anchorage, Alaska, for defendant.

### MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

This matter comes before the Court on defendant's motion to waive physician-patient privilege.

Plaintiffs were injured on August 2, 1972, when the Ford automobile which they were driving went out of control and left the highway in the Yukon Territory, Canada. Plaintiffs commenced this action in the Superior Court for the State of Alaska, Fourth Judicial District, on July 6, 1973. The case subsequently was removed to this court pursuant to 28 U.S.C. § 1441.

Defendant filed this motion to waive the physician-patient privilege on August 30, 1973. Oral argument was heard in Fairbanks on October 29, 1973. In essence, defendant seeks to have the court make two separate orders. The first would be a finding that plaintiffs by commencing this personal injury action, have impliedly waived the physician-patient privilege. The second would be an order permitting defendants attorneys to confer privately with all physicians who have treated plaintiffs regarding the injuries allegedly sustained in the accident.

■ In a diversity of citizenship action removed to federal court, the existence of a physician-patient privilege is governed by state law. Lind v. Canada Dry Corp., 283 F.Supp. 861 (D.Minn. 1968). Both plaintiffs and defendant agree that under Alaska law, commencement of a personal injury action constitutes a waiver of the physician-patient privilege by a plaintiff, citing Mathis v. Hilderbrand, 416 P.2d 8 (Alaska 1966):

. . . We accordingly hold that the plaintiffs in this personal injury action waived the physician-patient privilege by the commencement of the action to the extent that attending physicians may be required to testify on pretrial deposition with respect to the injuries sued upon.

Further, both plaintiffs and defendant seem to agree, whatever the extent of the waiver, that the scope of the inquiry with plaintiffs' attending physicians is limited to the injuries sued upon.

The issue, as framed by the memoranda of counsel, is the extent of the waiver of the privilege. Plaintiffs contend that defendant's attorneys may not privately confer with plaintiffs' attending physicians, but that the only means of discovery would be pretrial depositions. In support of their position, plaintiffs rely on a literal reading of the above-quoted holding from *Mathis*. Defendant, on the other hand, contends that there has been a complete waiver of the privilege, with the result that defendant's attorneys should be able to confer privately with all of plaintiffs' attending physicians. Defendants rely on the language of the concurring opinion in *Mathis*:

RABINOWITZ, Justice (concurring).

Although I agree with the result reached by the court in this matter, I fail to find any "facts of this case" which distinguishes it from the ordinary personal injury action. In other words, I am of the opinion that there is no basis disclosed in this record, or in theory, for limiting the court's

holding to the facts of this case. My understanding of the court's reasoning is that the commencement of an action for personal injuries constitutes a waiver by the plaintiff of the physician-patient privilege in that action.

I think it also appropriate to mention that Civ.R. 35(b)'s recognition of a physician-patient privilege in personal injury litigation is now abolished together with Civ.R. 35(b)(2)'s narrow provision for waiver of the privilege in regard to litigation of this character.

■ The Court finds that neither interpretation of *Mathis* is germane to a determination of the proper means of discovery in an action once it has been removed to federal court. Once a determination has been made under state law that there has been a waiver of the privilege, state law does not control the procedural aspects of conducting discovery in a federal court. Perhaps a more accurate framing of the issue presently before this court would be: once a determination has been made under state law that there has been a waiver of the physician-patient privilege, what discovery procedures in federal court, under the Federal Rules of Civil Procedure, are available to defendants' attorneys to inquire into the extent of the injuries allegedly sustained by plaintiffs.

■ The most commonly used discovery device for determining the extent of a party's injuries is set forth in Fed.R. Civ.P. 36(a), pursuant to which defendant could obtain an order compelling plaintiffs to submit to a physical examination by a physician. Rule 35(b) provides that plaintiffs could obtain a copy of the examination report, but that if plaintiffs so elected, defendant would thereupon be entitled to receive copies of all reports of any prior or subsequent medical examination of plaintiffs concerning the same condition. Under the procedure set forth in Rule 35, defendant's attorney would be permitted to obtain much, if not all, of the information which they presently seek by means of

private conferences with all of plaintiffs' attending physicians. Admittedly, the procedure under Rule 35 is potentially ineffective in the event plaintiffs do not request a copy of the examination ordered by defendants, since then defendants would not be entitled to receive copies of all reports of any prior or subsequent medical examination of plaintiffs. However, Rule 35 is not preemptive of other discovery devices. Rule 35(b)(3) expressly does not preclude discovery of a report of an examining physician or the taking of a deposition of the physician, with certain exceptions set forth in Rule 26(b)(4)(B). As is indicated in Rule 35(b)(3), there are several other conventional discovery devices which defendant may use to obtain the desired information. The Court notes, however, that in none of them is provision made for the discovery of information by means of private conversations between a defendant's attorneys and a plaintiff's attending physician.

Therefore, it is ordered:

1. That defendant's motion to waive the physician-patient privilege is granted only to the extent that the Court declares that there has been a waiver of the privilege, and is denied to the extent that defendant's attorneys may informally meet with plaintiffs' attending physicians.

2. That if defendant desires information from plaintiff's attending physicians concerning the physical condition of plaintiffs, defendant should avail itself of one or more of the conventional discovery devices provided for by the Federal Rules of Civil Procedure.

3. That the Court notes with displeasure defendant's practice of filing a one-half page memorandum in support of a motion, barren of any authorities, thereby restricting plaintiffs' opportunity for adequate opposition, and, subsequently, filing a 13-page reply memorandum replete with authority, to which no response can be made under the General Rules of the United States District Court for the District of Alaska.