Sarah WEAVER, Plaintiff,

v.

Hamish M. MANN and Hamish M. Mann, M.D., Ltd., Defendants.

Civ. No. A2–80–156.

United States District Court, D. North Dakota, Northeastern Division.

June 11, 1981.

John B. Hart, Rolla, N. D., for plaintiff; Gordon H. Hansmeier, Donohue & Rajkowski, St. Cloud, Minn., of counsel.

Ralph F. Carter, Degnan Law Firm, Grand Forks, N. D., for defendants.

### ORDER

BENSON, Chief Judge.

In this medical malpractice action, plaintiff has made several discovery related motions. The court is asked to compel defendants to answer Question No. 2 of plaintiff's interrogatories, which requests identification of defendants' experts to be called as witnesses at trial and other information concerning such witnesses requiring disclosure under Fed.R.Civ.P. 26(b)(4)(A). Plaintiff filed the motion on May 19, 1981 and at that time alleged that defendants had responded to the question by stating that no decision had yet been reached. The record reveals that on the day before, defendants filed a supplementary response to another interrogatory which reveals the name of an expert who was expected to be called at trial. Upon a review of the record, it is not clearly apparent that the parties have made a good faith effort to informally resolve their differences on this issue, if any differences still exist. Therefore the court will not act on the motion. *See* Local Rule IV F. 3.

Plaintiff also moves the court to compel defendants to disclose and provide plaintiff with all correspondence and memorandums relating to conversations defendants' counsel has had with plaintiff's subsequent treating physicians. It is alleged that counsel, in preparation for trial, made telephone and letter contacts with plaintiff's experts concerning their findings and opinions relative to plaintiff's physical condition. Plaintiff seeks to discover the information that was provided to counsel by the experts. The court views this as a request for documents prepared in anticipation of litigation for another party under Fed.R. Civ.P. 26(b)(3). Pursuant to that rule plaintiff is not entitled to such discovery absent a showing of her substantial need for the materials and that she "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Here, the information sought was obtained from plaintiff's own doctors. The court assumes that plaintiff can obtain the information from them. Therefore, discovery of the material from defendants will not be ordered.

Plaintiff also takes issue with defense counsel's private contact with plaintiff's doctors. Defendants, in defense of their actions, cite *Sagmiller v. Carlsen*, 219 N.W.2d 885 (N.D.1974), which held that a patient who puts his physical condition in issue by bringing a medical malpractice action, waives the physician-patient privilege

in regard to pretrial discovery of nondefendant doctors' subsequent treatment. However, plaintiff does not claim that this information is protected by the physician-patient privilege and concedes that the privilege is waived. What is objected to is the manner in which the information was obtained. The federal rules provide several avenues by which discovery of examining physicians may be obtained. If the physician is expected to be called as an expert witness, certain information can be obtained by way of interrogatories pursuant to Rule 26(b)(4)(A). If the plaintiff submits to an adverse medical examination under Rule 35 and the plaintiff requests a copy of the examination results defendant is then entitled to receive medical reports of plaintiff's examining physicians. Furthermore, as provided in Rule 35(b)(3), a deposition can be taken of a physician. However, it appears that the practice of engaging in private conversations with plaintiff's physicians is not contemplated by the rules, and as plaintiff suggests, could lead to discouraging such physicians from testifying. *See Garner v. Ford Motor Company*, 61 F.R.D. 22 (D.Alaska 1973); *Wenninger v. Muesing*, 307 Minn. 405, 240 N.W.2d 333 (1976).

Plaintiff also asks the court to declare that N.D.Cent.Code § 32–29.1–01 is not applicable in this case. That section required a plaintiff to present his claim before a medical review panel as a prerequisite to bringing a malpractice action. The Legislature repealed that section effective March 5, 1981, approximately two months after this action was instituted. No certificate of review was filed in this case prior to commencement of the action. Defendant has not claimed that the statute is applicable, and, in fact, agrees with plaintiff that it is not. Therefore, there is no dispute on this issue to be decided. This court is not in a position to render advisory declaratory opinions on issues which are not controverted. *See generally* 6A Moore's Federal Practice ¶ 57.12.

IT IS ORDERED that plaintiff's motion to compel answers to interrogatories is denied.

IT IS FURTHER ORDERED that plaintiff's motion to compel defendants to disclose correspondence and memorandums is denied.

IT IS FURTHER ORDERED that if defendants desire information from plaintiff's attending physicians, defendants should avail themselves of one or more of the conventional discovery procedures provided for by the Federal Rules of Civil Procedure, and refrain from engaging in private conversations with said physicians.

IT IS FURTHER ORDERED that no costs or attorneys' fees are awarded on the motion.