450 So.2d 858 (1984)
Holly CORALLUZZO, a Minor BY AND THROUGH Her Mother and Next Friend, Anita CORALLUZZO, and Anita Coralluzzo, Individually, Petitioners,
v.
Paul FASS, M.D., Cora Sue Golden, M.D., Physicians Protective Trust Fund, Florida Patient's Compensation Fund, Curtis Meltzer, M.D., Daniel Diana, M.D., Sanford Robbins, M.D., Philip Freeland, M.D., and Arthur Sher, M.D., D/B/a Radiology Associates and Parkway General Hospital, Inc., a Florida Corporation, Respondents.
No. 64034.
Supreme Court of Florida.
May 17, 1984.
Karen A. Gievers of Anderson, Moss, Russo & Gievers, Miami, for petitioners.
James E. Tribble and Todd A. Cowart of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondents.
Larry Klein, West Palm Beach, for Academy of Florida Trial Lawyers, amicus curiae.
Mary Friedman of Colson, Hicks & Eidson, Miami, for Dade County Trial Lawyers, amicus curiae.
Bernard J. Zimmerman of Akerman, Senterfitt & Eidson, Orlando, for Iowa Nat. Mut. Ins. Co., amicus curiae.
Gerald E. Rosser, Miami, for Florida Defense Lawyers Ass'n, amicus curiae.
Robert M. Klein of Stephens, Lynn, Chernay, Klein & Zuckerman, Miami, for Florida Physicians Ins. Reciprocal, amicus curiae.
EHRLICH, Justice.
This cause is before us on a question certified by the Third District Court of Appeal as being of great public importance. Coralluzzo v. Fass, 435 So.2d 262 (Fla. 3d DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The respondents, several health care providers, allegedly improperly diagnosed and treated an ailment suffered by then eight-year-old Holly Coralluzzo. The condition was later found, by an oral surgeon, Dr. Magnacca, to be related to a dental abscess.
In August, 1981, defendant Fass and certain other defendants (respondents here) made arrangements to meet ex parte with Dr. Magnacca on August 31 to discuss the Coralluzzo case. On August 31, 1981, plaintiff's counsel learned of the pending unauthorized ex parte meeting. When Dr. *859 Magnacca and defense counsel refused to cancel the meeting, an emergency motion for protective order was filed. The circuit court heard argument and entered a protective order prohibiting the defendants from having unauthorized ex parte contact with plaintiff's health care providers.
On July 8, 1982, the circuit court vacated the August 1981 protective order, finding Frantz v. Golebiewski, 407 So.2d 283, 284 (Fla. 3d DCA 1981), to be controlling.
The plaintiffs filed a petition for writ of certiorari, and asked the district court to prohibit the defendants' unilateral, ex parte interference with the confidential relationship existing between Coralluzzo and her treating health care providers. After an en banc hearing, a six-three district court majority denied the relief sought, citing as authority Rule 1.280(b)(3), Florida Rules of Civil Procedure and Frantz v. Golebiewski. The district court found the case to involve a question of great public importance and certified the following question to this Court:
Does a court have the authority to prevent a treating physician from extrajudicially disclosing information obtained from his patient and information concerning the treatment of his patient where the patient has not consented to such disclosure?
435 So.2d at 263 n. 1. For the following reasons, we answer the question in the negative and approve the decision of the district court.
In Frantz v. Golebiewski, which the Third District found to control the case before us, the defendant in a medical malpractice suit took a sworn statement from plaintiff's treating physician without giving notice to the plaintiff. The trial court, on plaintiff's motion, ordered that the statement be supplied to the plaintiff. When the defendant refused, the trial court fined him and ordered that the sworn statement could not be used in any way during the trial. Additionally, the trial court ordered the defendant to give the plaintiff notice prior to taking a recorded statement from any other treating physician. On petition for certiorari the district court quashed the orders of the trial court, ruling that the treating physician did not acquire and develop his information or opinions in anticipation of litigation or trial and was thus outside the ambit of Florida Rule of Civil Procedure 1.280(b)(3). We agree with that rationale and with that result and we agree that the same result should obtain here.
Petitioner urges this Court to exercise its jurisdiction to do equity between the parties. We can find no reason in law or in equity to disapprove the decision of the district court. No law, statutory or common, prohibits  even by implication  respondents' actions. We note that no evidentiary rule of physician/patient confidentiality exists in Florida and that, although several statutes preserve confidentiality in certain medical records, petitioner has failed to identify a specific statute respondents have infringed. Likewise, no rule of procedure or rule of professional responsibility proscribes respondents' interview with Dr. Magnacca. We find no grounds to quash the district court's decision.
The focal point of petitioner's distress seems to be Dr. Magnacca's failure to fulfill his fiduciary duty toward his patient. We note that the trial court expressly found the existence of such a fiduciary relationship. We also note that Dr. Magnacca was not before the trial court, nor is he before this Court in any capacity, nor is any question concerning the propriety of his behavior now at issue. Whether he has violated the ethical standards of his profession is a matter to be addressed by the profession itself. Such standards have not been codified and we therefore have no jurisdiction on this matter. Any violation of the fiduciary relationship with Holly Coralluzzo must be addressed in appropriate proceedings to which Dr. Magnacca is a party.
The decision of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
ADKINS, J., dissents.