COWART, Judge.
For the second time, Tootle, the plaintiff in a personal injury case, has petitioned this court for a writ of certiorari to quash an order compelling the deposition of a psychologist who examined him. The psychologist had examined Tootle for the social security administration to determine Tootle’s rights to benefits under the administration’s disability program, and Seaboard, the defendant in the tort action, sought to depose the psychologist. After the trial court by order compelled the psychologist to give his deposition, Tootle petitioned this court for a writ of certiorari, which was denied on the basis that Tootle lacked standing to raise a federal privilege which might be held by the psychologist who had evaluated him. Subsequent to this court’s mandate, the federal government filed a motion to intervene and a motion to quash the subpoena duces tecum served upon the psychologist. The trial court by order granted the motion to intervene, but denied the motion to quash the subpoena. That trial court order also compelled Tootle to execute an authorization to be filed with the social security administration allowing the psychologist’s deposition to be taken.[1] Tootle now petitions this court for a writ of certiorari to review that order.
The federal government did not petition this court to review by way of certiorari the order denying its motion to *239 quash the subpoena served upon the psychologist. Once again we reiterate that only the psychologist and the federal government have standing to challenge on federal privilege grounds the compulsion of the psychologist’s deposition. See Tootle v. Seaboard Coast Line Railroad Company, 447 So.2d 1009 (Fla. 5th DCA 1984). If Tootle has no standing to assert the federal privilege then of course he has no standing to appeal any trial court ruling as to the assertion of the federal privilege by a proper party.
Tootle also challenges that portion of the trial court order which compels him to execute an authorization to be filed with the social security administration allowing the psychologist’s deposition. The purpose of the federal privacy act and the privacy provisions of the social security act is to prevent government records on individuals from being freely disclosed to other bodies that express an interest in the information contained therein. The social security act allows an individual to gain release of government records pertaining to him by means of a written authorization. Although this exception contemplates that the individual’s request for disclosure will be voluntarily made, the instant case involves a plaintiff (Tootle) who has made a claim in a tort action regarding his mental and emotional condition, and the social security administration’s records and the psychologist have information relevant to that claim.[2] In this situation, the privacy interests claimed by Tootle must give way to the function of the discovery process, which is the discovery of facts relevant to the subject matter of the pending action. The plaintiff in a civil suit must cooperate in the discovery process, even if it means that he must authorize the disclosure of potentially prejudicial information which is not shielded from the reach of discovery by an overriding privilege.
Even if we held that the court acted improperly by ordering the written authorization, such action by the trial court would not compel this court to quash the order since the psychologist’s deposition could be taken pursuant to the subpoena duces tecum and subsequent court order without Tootle’s written authorization. The federal privacy act states that no agency of the federal government shall disclose any records pertaining to an individual unless that individual files a written request to have the records disclosed. See 5 U.S. C.A. § 552a(b). However, the statute under discussion contains twelve exceptions, one of them being that disclosure is “pursuant to the order of court of competent jurisdiction.” 5 U.S.C.A. § 552a(b)(11). This broad exception should be strictly construed in favor of disclosure, especially in this type of situation where a state court rules on discovery matters in a state civil trial. As a federal district court once stated with regard to the privacy provision of the social security act:
While the statutes give the Secretary the right to restrict disclosure, ‘judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.’ [citation omitted]
Merchant’s National Bank and Trust Company of Fargo v. United States, 41 F.R.D. 266 (D.N.D.1966).
See also Gilley v. Travelers Insurance Co., 298 F.Supp. 47 (D.Tenn.1969). In the instant case, the trial court order in question fits within this exception because it specifically reaffirmed the court’s previous order compelling the psychologist to give his deposition, and stated that the psychologist’s deposition may well lead to material and relevant discovery. Cf. Perry v. State Farm Fire and Cas. Co., 734 F.2d 1441 (11th Cir.1984); In Re Vaughn, 496 F.Supp. 1080 (D.Ga.1980); Stiles v. Atlanta Gas Light Company, 453 F.Supp. 798 (D.Ga.1978).
*240 Like the privacy act, the federal social security act includes a provision which prohibits the disclosure of information gained by the social security administration in the course of discharging its duties. See 42 U.S.C.A. § 1306. However, the relevant portion of the social security act provides exceptions to the prohibition of disclosure:
No disclosure ... shall be made except as the secretary of health and human services or the secretary of labor, as the case may be, may by regulations prescribe and except as otherwise provided by federal law. (emphasis supplied)
Since the federal privacy act provides that information may be disclosed pursuant to a court order of competent jurisdiction, federal law allows the psychologist’s deposition to be taken in the instant case as it is being compelled by a valid court order.[3]
PETITION DENIED.
ORFINGER and SHARP, JJ., concur.

. The federal social security act and the federal regulations provide that information on record with the social security administration may be disclosed pursuant to written authorization by the person to whom the information pertains.

. Tootle previously authorized the social security administration to release to Seaboard all records pertaining to him. That portion of the trial court order compelling Tootle to execute an authorization allowing the psychologist’s deposition may have been included because the psychologist received a subpoena duces tecum.

. Cf. Gilley v. Travelers Insurance Co., 298 F.Supp. 47 (D.Tenn.1969) (which held that Social Security Act’s provision which prohibits disclosure of information obtained by an officer or employee of Health and Human Services not applicable to a private psychiatrist engaged for a particular medical examination and compensated by Social Security Administration, and that provision would not prevent the psychiatrist from testifying as to knowledge gained of a particular plaintiff by reason of that examination.)