PER CURIAM.
Respondent, Paul H. Smith, sued petitioners, William Steinen and Avis Rent-A-Car System, Inc., for damages arising out of an automobile accident.
During the pretrial stage of the trial court proceedings, petitioners moved to amend their answer to allege that respondent was perpetrating a fraud by falsely claiming injuries in the subject accident, according to information given petitioners by respondent’s treating chiropractor. Respondent served a request to produce tapes or copies of any statements given by the *1194 doctor to petitioners, as alleged in the motion to amend. Whereupon, petitioners withdrew their motion to amend and moved for a protective order. After a hearing thereon, the trial court ruled the statement was not privileged as work product and ordered the petitioners to produce the statements.
We grant the petition for writ of certio-rari and quash the trial court order, since it constitutes a departure from the essential requirements of law, which will cause material injury to petitioners incapable of remedy on appeal, given the privilege involved.
The record reflects that the doctor in question is a “treating physician” having rendered extensive treatment to respondent as a result of the accident. As such, as opposed to an “examining physician” or other expert, the treating doctor is free to disclose information concerning treatment of the patient to opposing counsel. Coralluzzo v. Fass, 450 So.2d 858 (Fla.1984).
In Coralluzzo, the Supreme Court of Florida held that no law prohibited a treating oral surgeon from extrajudicially disclosing information about his patient and treatment to defendants in a malpractice action. This was true even though the patient had not consented to such disclosure, and regardless of whether this may have constituted a violation of the ethical standards of the surgeon’s profession. That was a separate and independent matter for the appropriate board or agency. Id. at 859.
Although neither side to this controversy has cited section 455.241(2), Florida Statutes, we feel it warrants brief acknowledgment. This section of rules of the Department of Professional Regulation does prohibit a doctor within its authority from furnishing patient records or discussing a patients’s medical condition with a person other than the patient or his legal representative or other health care providers, unless authorized by the patient. However, the amendment to the statute which added this provision did not take effect until July 1, 1988, well after the statement was given to the defendants in this case. As the statute contains no provision for retroactive application, it does not govern. Neither is it necessary for this Court to determine whether the statute as amended effectively will change the law cited herein in future cases.
Also, access to a “treating physician” is not restricted by the expert witness-discovery rule of Florida Rule of Civil Procedure 1.280(b)(4). Coralluzzo v. Fass; Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981). As for the work product privilege, in obtaining the statement from respondent’s doctor, the petitioners were involved in trial preparation activity and may not be required to produce the statement for examination by the opposing party. Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla.1970).
The writ of certiorari is granted and the order of the trial court is quashed.
DOWNEY, GLICKSTEIN and STONE, JJ., concur.