WENTWORTH, Judge.
Employer/carrier petition for a writ of certiorari, seeking review of an order denying their motion to compel a workers’ compensation claimant to authorize oral communication between her physicians and the carrier’s representative. We find that employer/carrier has not shown a departure from the essential requirements of law, and we therefore deny the petition for a writ of certiorari.
At the hearing below it was indicated that claimant’s counsel had requested that any contact with or inquiry of claimant’s physicians be in writing, with a copy of such inquiry, and the physicians’ answers, provided to claimant’s counsel. Employer/carrier thereafter filed a motion to compel claimant to “sign a release authorizing the [carrier’s] rehabilitation specialist assigned to this claim to communicate orally as well as in writing with all physicians and other health care professionals who have in the past rendered or who are presently rendering treatment....” Both claimant and her physicians are in Tennessee, and it was agreed that the medical reports required by chapter 440 have been filed by the physicians. Employer/carrier’s counsel suggested that if written communication were required it would be too time consuming and their representative’s case load would be unduly burdened. Further argument was presented, and an order was then entered denying employer/carrier’s motion.1
An employer/carrier’s access to medical information is a crucial aspect of the self-executing workers’ compensation law, see Walt Disney World v. Schiebel, 414 So.2d 602 (Fla. 1st DCA 1982), and section 440.13(2)(b), Florida Statutes, specifies that the employer/carrier shall be provided with medical reports as to treatment for which a claim has been made. There is no issue as to compliance with this statute in the present case, and there is no other provision in chapter 440 by which employer/carrier’s desired oral communication might be compelled. While prior authorities indicate that a patient generally could not judicially preclude such communication, see generally, Coralluzzo v. Fass, 450 So.2d 858 (Fla.1984), section 455.241(2), Florida Statutes (1988 Supp.), now establishes that:
... the medical condition of a patient may not be discussed with, any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient.
Employer/carrier and their rehabilitation specialist, whose duties encompass a medical management function, are not “other health care providers” within the ambit of section 455.241(2), and the statutory prohibition against unauthorized discussion precludes the oral communication which employer/carrier seek to compel.
The confidentiality provisions of section 455.241 with regard to oral communications are not waived by claiming workers’ compensation benefits. Chapter 440, as effective in the proceeding below, neither provided for any such waiver nor created any right of direct oral communication, and section 455.241, Florida Statutes (1988 Supp.), is not limited in application by any statutory language addressed to workers’ compensation claims. While section 440.13(2)(c), Florida Statutes (1989), has been amended so as to provide for such communication notwithstanding the limitations in section 455.241, this enactment was not yet effective when the present dispute arose, and does not govern the disposition of this appeal. And neither a general waiver of confidentiality by putting a matter in issue, as in Tootle v. Seaboard Coastline Railroad Co., 468 So.2d 237 (Fla. 5th DCA *12461984), nor compelled production of pertinent medical reports and records in workers’ compensation cases, as in Kirk v. Publix Supermarkets, 185 So.2d 161 (Fla. 1966), overcomes the more specific proscription against unauthorized communication as reflected in section 455.241(2).
Employer/carrier argue that the specific protections of Florida law should not apply, as claimant and her physicians are located in the state of Tennessee. But claimant was injured while working in Florida for a Florida employer, and is seeking workers’ compensation benefits pursuant to Florida law. Employer/carrier are asserting a right of access under Florida law, and invoked the authority of a judge of compensation claims in Florida. In the context presented it has not been shown that Tennessee has a more significant relationship to this dispute, and resolution of the matter in accordance with the laws of Florida has not been shown to be a departure from the essential requirements of law.
As in Campbell v. Wendy’s of South Florida, 495 So.2d 890 (Fla. 1st DCA 1986), where this court concluded that an employer/carrier’s request for release of medical records ' should be pursued through ordinary discovery procedures rather than upon a motion to compel before the judge of compensation claims, the administrative convenience of employer/carrier in the present case will not warrant the disregard of ordinary procedure and clear statutory protections. While any ensuing delay might be considered as a potential mitigating circumstance should claimant later request penalties or attorney’s fees, the challenged order gives proper effect to section 455.241(2).
No departure from the essential requirements of law having been shown, employer/carrier’s petition for a writ of certiorari is denied.
SHIVERS, C.J., and WIGGINTON, J., concur.

. Judges of compensation claims have addressed the issue here presented in various orders, with varying results. E.g., compare Summy v. Georgia Pacific, Claim No. 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 (May 11, 1989), Callahan v. G. Pierce Wood Memorial Hospital, Claim No. 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 (November 2, 1987), and Stritenberger v. Ashley Aluminum Inc., Claim No. 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 (October 7, 1987), with McCall v. General Wood Products, Claim No. 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 (May 23, 1989), and Evans v. Elwin Ferguson Roofing, Claim No. 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 (May 23, 1989).