566 So.2d 529 (1990)
Alfonso FRANKLIN and Mary Franklin, His Wife, Appellants,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 90-2.
District Court of Appeal of Florida, First District.
July 30, 1990.
Rehearing Denied September 5, 1990.
*530 Gerald A. McGill of McGill & McDavid, P.A., Pensacola, for appellants.
Jeffrey A. Cramer, Pensacola, for appellee.
ZEHMER, Judge.
Alfonso Franklin and his wife petition for a writ of certiorari to review the non-final order of the trial court directing Mr. Franklin to execute the medical authorization form annexed thereto and to deliver that authorization to counsel for the defendant within ten days. Finding the order violates section 455.241, Florida Statutes (1989), we quash the order.
The order under review arises out of the discovery process in a suit filed by the petitioners against their insurer, Nationwide Mutual Fire Insurance Company, for damages resulting from an automobile accident. Respondent's "motion for permission to speak with plaintiff's treating and previously treating physicians" recited:
Counsel for Defendant would like to speak with Plaintiff's treating and previously treating physicians to discuss their possible testimony with them prior to any scheduled depositions in this matter. Defendant believes that any patient-physician, statutory or other privilege which might prevent such conversations from taking place has been waived by the filing of this lawsuit and the placing of Plaintiff's physical condition in controversy. Additionally, Defendant believes that all privileges specifically have been waived in this particular case, pursuant to Rule 1.360(b)(2), Fla.R.Civ.P. Because of the recent enactment of Section 455.241, Fla. Stat. (1988), however, the Defendant is in doubt about its rights to discuss matters with Plaintiff's physicians and therefore seeks a ruling from the court prior to the scheduling of such conference.
Petitioners objected to the motion, relying on the plain language of section 455.241 as amended in 1988.
After hearing, the trial court entered an order directing the plaintiff "to execute the medical authorization form annexed to this Order as Exhibit `A' and to provide the executed medical authorization to counsel for Defendant within ten (10) days of the date of this order." The annexed medical authorization form reads:
Please furnish attorney JEFFREY A. CRAMER, P.O. Box 12108, Pensacola, FL 32590, upon request by him or his authorized representative, any and all medical information, reports, laboratory reports, x-rays, hospital records, clinical records, or hospital abstracts made by you or in your possession, pertaining to treatment furnished me or examinations of me at any time.
You further are authorized to furnish to said attorney, or his representative, copies of any of the above; and permit him to inspect and reproduce any of the same which may be in your possession, discuss these records and my medical condition with him, and give him opinions concerning any of these matters. A copy of this medical authorization is as valid as the original. This authorization is valid until you receive written revocation thereof.
(Emphasis added). The court's rationale for this ruling was stated as follows:
1. Plaintiff, Alfonso Franklin, has placed his physical and mental condition in issue by the filing of this lawsuit for damages from personal injuries arising out of a motor vehicle accident.
2. By so placing his physical and mental conditions in issue, Plaintiff voluntarily *531 has waived any medical privilege created by Section 455.241(2), Fla. Stat. (1988 Supp.).
3. Notwithstanding the limited debate concerning this statute which took place in the Senate Committee on Judiciary-Civil on May 19, 1988, this Court finds that such a privilege never was intended to be used as a trial tactic by which a party may control to his advantage the timing and circumstances of the release of information he inevitably must see revealed at some time. This Court finds the well-reasoned analysis of Judge Jackson in Doe v. Eli Lilly & Company, Inc., 99 F.R.D. 126 (D.D.C. 1983), to be persuasive.
4. Defendant also has argued that Plaintiff, Alfonso Franklin, has been examined pursuant to Rule 1.360(b)(2), Fla. R.Civ.P., that his attorneys have requested and obtained a copy of the report of the examining physician and that such a circumstance also constitutes a waiver of any privilege created by Section 455.241, Fla. Stat. (1988 Supp.). Defendant further has argued that Section 455.241, Fla. Stat. (1988 Supp.) is unconstitutional because it conflicts with the Florida Supreme Court's rule-making authority, among other reasons. Because of this Court's above ruling, it is unnecessary to rule on those arguments at this time.
At oral argument, counsel for respondent stated that the medical authorization permitted him to conduct an ex parte interrogation of the plaintiff's physician and even to request the physician to form new opinions not previously held or expressed regarding the patient's medical condition for use in this litigation.
Petitioners primarily object to the portion of the form emphasized above that allows informal ex parte or unilateral discussions between the defendant's counsel and the physicians. They do not object to the production of medical reports by the health care providers nor do they object to the physicians being deposed in accordance with the provisions of the discovery rules in the Florida Rules of Civil Procedure. The focus of their objection is the action of the court compelling them to specifically authorize the ex parte interviews because, they contend, it constitutes a departure from the essential requirements of law in direct violation of the provisions in section 455.241, Florida Statutes (1989), specifically prohibiting the means of discovery so ordered. We agree.
The statutory language contained in section 455.241 does not provide for the automatic waiver of the statutory privilege set forth therein merely by the filing of a lawsuit. Its provisions for obtaining access to a person's medical records and related information were made quite specific by the below emphasized language added by the amendment to that statute in 1988:
(2) Such records shall not be furnished to and the medical condition of a patient may not be discussed with any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization to any person, firm, or corporation which has procured or furnished such examination or treatment with the patient's consent or when compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical record shall be furnished to both the defendant and the plaintiff. Such records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or his legal representative by the party seeking such records. Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or treatment of the patient or if permitted by written authorization from the patient or compelled by *532 subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.

Ch. 88-208, § 2, Laws of Fla.
This statutory language is abundantly clear on its face. It provides for waiver of confidentiality of covered medical information in only three circumstances:
1) in a medical negligence action, when a health care provider is or reasonably expects to be named as a defendant,
2) by written authorization of the patient, or
3) when compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
In other words, in all cases other than those where the health care provider is a defendant, unless the plaintiff voluntarily provides a written authorization to the defendant, the defendant's discovery of the privileged matter can be compelled only through the subpoena power of the court with proper notice in accordance with the discovery provisions of the rules of civil procedure. The reference to "proper notice" is unquestionably included to preclude the type of unilateral, ex parte interrogation of a physician permitted by the order under review and envisioned by respondent's counsel. Simply stated, no provision in this statute or the rules of civil procedure authorizes the court to compel the petitioner to execute and deliver a medical authorization for ex parte communications by an opposing party or attorney with the physicians, such as was ordered in this case. Hence, the order is in direct violation of these statutory provisions.
This construction and application of the statute is consistent with the legislative intent reflected in the Senate judiciary committee staff report:
B. Effect of Proposed Changes:
... .
The bill amends s. 455.241, F.S., to specify that, in addition to medical records, the medical condition of a patient may not be disclosed to any person other than the patient, the patient's legal representative, or other health care providers involved in the treatment of the patient, except upon written consent of the patient. Further, the bill specifies that information disclosed to a health care practitioner by a patient is confidential and may be disclosed only to other health care providers involved in the care of the patient or by written authorization of the patient or by subpoena. In addition, this information may be disclosed by a health care provider to his attorney if the provider expects to be named as a defendant in a negligence case.
(Emphasis added). Senate Staff Analysis and Economic Impact Statement, CS/SB 1076, Senate Judiciary-Civil Committee, May 19, 1988.
Respondent alternatively contends that, irrespective of the statute, in view of the provisions in rule 1.360(b)(2), Fla.R. Civ.P., petitioner waived any statutory privilege of confidentiality to such medical information that he might have had under section 455.241 because he requested and received the report of the physician who examined him pursuant to court order under that rule.[1] Respondent relies on the provision in rule 1.360(b)(2) that:
By requesting and obtaining a report of the examination so ordered or requested or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine him concerning the same condition.
(Emphasis added). However, the rule thereby provides only for waiver of the privilege in regard to the testimony of other persons who have examined or will in the future examine the petitioner as to the condition in controversy. Testimony is evidence *533 given by a competent witness under oath or affirmation before the tribunal or by authorized deposition. See Black's Law Dictionary, verba testimony, p. 1324 (5th ed. 1979). Testimony is thus distinguished from the informal ex parte or unilateral interrogation contemplated by the ordered medical authorization under review. Since this rule does not purport to authorize such informal communications with the described persons, its provisions are not inconsistent with the purpose and provisions of section 455.241 as discussed above, and we decline to so extend the meaning and application of rule 1.360(b)(2).
Rule 1.360 contemplates that parties and their attorneys will voluntarily comply with its requirements, and in cases of willful noncompliance the court can impose appropriate authorized sanctions. See rule 1.380, Fla.R.Civ.P. There is no provision in the Florida Rules of Civil Procedure giving the court power to require, as a sanction for noncompliance, the execution of authorization to permit counsel to conduct informal ex parte interviews in lieu of the subpoena power, and for good reason, too. So long as the court supervises and enforces discovery from third persons in accordance with the rules through the compelled production of documents or deposition testimony through use of its subpoena power, it retains control of the process and can readily prevent any abuse thereof. This simply is not the case, however, when the court directs a party to authorize the other party to obtain discovery outside the provisions of the discovery rules without notice or any filing with the court, that is to say, through unannounced informal interviews. Therefore, the waiver effected by the provisions of rule 1.360 applies only to testimony and authorizes the respondent to obtain discovery of such medical information through the specified means of discovery otherwise described in rules 1.280 through 1.320, 1.350, 1.351, and 1.390. The waiver provision in rule 1.360 then precludes the petitioner from asserting the privilege as a bar to any such discovery proceedings.
We recently addressed a substantially similar issue In Pic N' Save v. Singleton, 551 So.2d 1244 (Fla. 1st DCA 1989), a workers' compensation case in which we upheld the denial of a motion to compel the claimant to authorize informal oral communications between her physicians and the carrier's representative. Although a workers' compensation case, we accord it controlling authority on the issue before us because the statute and discovery provisions in the Florida Rules of Civil Procedure therein discussed are applicable both to civil cases and to workers' compensation cases. We stated in pertinent part in that case:
There is no issue as to compliance with this statute [section 440.13(2)(b)] in the present case, and there is no other provision in chapter 440 by which employer/carrier's desired oral communication might be compelled. While prior authorities indicate that a patient generally could not judicially preclude such communication, see generally Coralluzzo v. Fass, 450 So.2d 858 (Fla. 1984), section 455.241(2), Florida Statutes (1988 Supp.), now establishes that:
... the medical condition of a patient may not be discussed with, any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient.
... And neither a general waiver of confidentiality by putting a matter in issue, as in Tootle v. Seaboard Coastline Railroad Co., 468 So.2d 237 (Fla. 5th DCA 1984), nor compelled production of pertinent, medical reports and records in workers' compensation cases, as in Kirk v. Publix Super Markets, 185 So.2d 161 (Fla. 1966), overcomes the more specific proscription against unauthorized communication as reflected in section 455.241(2).
... .
As in Campbell v. Wendy's of South Florida, 495 So.2d 890 (Fla. 1st DCA 1986), where this court concluded that an employer/carrier's request for release of medical records should be pursued through ordinary discovery procedures rather than upon a motion to compel before the judge of compensation claims, *534 the administrative convenience of employer/carrier in the present case will not warrant the disregard of ordinary procedure and clear statutory protections. While any ensuing delay might be considered as a potential mitigating circumstance should claimant later request penalties or attorney's fees, the challenged order gives proper effect to section 455.241(2).
551 So.2d at 1245-1246. The order under review is invalid under the rationale of Pic N' Save. The petitioner in this case did not waive the confidentiality guaranteed him by statute by the mere filing of the lawsuit, and did not thereby lose the right under the statute to have the respondent follow normal channels of discovery in preparing for trial. Although informal ex parte communication with petitioner's physician may be more expedient, that is no reason why the procedures provided for by the statute and the Florida Rules of Civil Procedure should not be followed. See Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla. 4th DCA 1985).
Rule 1.360 is patterned after essentially identical provisions in rule 35 of the Federal Rules of Civil Procedure, and our construction and application of the Florida rule is consistent with that which has been given the federal rule by some lower federal courts. See Weaver v. Mann, 90 F.R.D. 443 (D.N.D. 1981); Garner v. Ford Motor Co., 61 F.R.D. 22 (D.Alaska 1973). These decisions refused to approve such medical authorizations and are predicated upon the total absence of any provisions in the federal rules of civil procedure "for the discovery of information by means of private conversations between a defendant's attorneys and a plaintiff's attending physician." Garner, 61 F.R.D. at 24. In Weaver v. Mann, the court explained why rule 35 does not authorize "defense counsel's private contact with plaintiff's doctors" in the following manner:
However, plaintiff does not claim that this information is protected by the physician-patient privilege and concedes that the privilege is waived. What is objected to is the manner in which the information was obtained. The federal rules provide several avenues by which discovery of examining physicians may be obtained. If the physician is expected to be called as an expert witness, certain information can be obtained by way of interrogatories pursuant to Rule 26(b)(4)(A). If the plaintiff submits to an adverse medical examination under Rule 35 and the plaintiff requests a copy of the examination results defendant is then entitled to receive medical reports of plaintiff's examining physicians. Furthermore, as provided in Rule 35(b)(3), a deposition can be taken of a physician. However, it appears that the practice of engaging in private conversations with plaintiff's physicians is not contemplated by the rules, and as plaintiff suggests, could lead to discouraging such physicians from testifying. [Citations omitted.]
90 F.R.D. at 444-45.
We reject the trial court's reliance on Doe v. Eli Lilly & Co., 99 F.R.D. 126 (D.D.C. 1983), ruling to the contrary. The Doe court cites no provision of the federal rules specifically allowing it to compel authorization of such informal conferences with a party's physicians, but bases its decision on that court's belief that such authorization is the better practice because a party has the unfettered right to interview witnesses having knowledge of the facts in issue in a case. That case, however, did not involve a clear statutory privilege such as section 455.241, and it seems the court simply engaged in unauthorized rulemaking beyond its authority. No one would quarrel with the notion that it may well be more convenient for a party to have informal conversations with a witness instead of proceeding by formal deposition, but mere convenience is simply not sufficient reason for a trial court to fashion unauthorized rules of discovery.
Respondent argues that the order under review is authorized by the decision in Tootle v. Seaboard Coast Line Railroad Company, 468 So.2d 237 (Fla. 5th DCA 1984). In Tootle, on consideration of a petition for certiorari, the court declined to set aside a trial court order requiring a plaintiff in a personal injury action to execute an authorization *535 form allowing his psychologist to testify by deposition. Tootle's action had put his mental and emotional condition into controversy, and the court found that the privacy interests he claimed under the federal privacy act did not prevent discovery of this testimony pursuant to a court order of competent jurisdiction requiring the psychologists to give a deposition. Denying the petition, the court observed, "Even if we held that the court acted improperly by ordering the written authorization, such action by the trial court would not compel this court to quash the order since the psychologist's deposition could be taken pursuant to the subpoena duces tecum and subsequent order without Tootle's written authorization." Id. at 239. Thus, we have no disagreement with the decision in Tootle, but find it clearly inapposite to the issue under review. The Tootle court merely declined to set aside the court-ordered authorization of a deposition, not a court-ordered informal unilateral communication, a recognized means of discovery under rule 1.280 et seq. that the court can compel consistent with the subpoena and notice provisions in section 455.241.
We also have not overlooked the decisions in Coralluzzo v. Fass, 450 So.2d 858 (Fla. 1984), and Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981), two medical malpractice suits wherein the courts found nothing illegal about the unilateral informal meetings between the defendant's attorneys and the plaintiffs' physicians to discuss the plaintiffs' condition. Both of those cases preceded the 1988 amendments to section 455.241, however; and while the supreme court in Coralluzzo found no statutory provision codifying the patient-physician confidentiality privilege, it did not make any reference to section 455.241, and clearly was not confronted with that statute as it exists at this time.
To summarize, petitioner has a statutory right under section 455.241 to maintain the confidentiality of medical information pertaining to him that is in the possession of medical care providers, and discovery of such information cannot be compelled through the expedient of ordering petitioner's execution and delivery of a medical authorization to the respondent or its counsel. Nor does the fact that a medical report of a court-appointed medical examiner has been requested by petitioner pursuant to rule 1.360 provide a basis for the court to order the execution and delivery of such an authorization. The order under review having done just that, it constitutes a departure from the essential requirements of the law.
The petition for writ of certiorari is GRANTED and the order of the trial court is QUASHED.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] Although the trial court found it unnecessary to rule on this contention because of its views on waiver by filing suit as discussed above, we nevertheless proceed to consider and dispose of this alternative argument since the order under review could conceivably be sustained on this ground.