James C. HUHTA, M.D., Petitioner,

v.

STATE BOARD OF MEDICINE,
Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1997.
Decided Jan. 27, 1998.

Charles I. Artz, Harrisburg, for petitioner.

Gerald S. Smith, Harrisburg, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether a physician may be disciplined by the State Board of Medicine (Board) for revealing allegedly confidential patient records during the course of litigation in which the physician is involved or whether the doctrine of judicial (litigation) immunity protects the physician from disciplinary proceedings before the Board. This is an issue of first impression in Pennsylvania, and appears to have been addressed in only one other jurisdiction, the State of Washington.[1] In contrast to the State of Washington, we conclude that judicial immunity does not shield a physician from administrative disciplinary proceedings before the Board.[2]

On March 6, 1997, the Board filed an order to show cause against James C. Huhta, M.D. (Dr. Huhta), charging Dr. Huhta with violations of Sections 41(8)[3] and 41(6)[4] of the Medical Practice Act of 1985.[5] The show cause order alleged that Dr. Huhta released confidential patient information, without patient consent, during the course of litigation filed by Dr. Huhta against Children's Hospital of Philadelphia. The patients whose records were disclosed were not parties to the litigation, which involved contractual disputes between Dr. Huhta and Children's Hospital, and some of the patients were not even those of Dr. Huhta.

On April 18, 1997, Dr. Huhta filed with the Board a motion to dismiss, asserting that

1. In *Deatherage v. State of Washington, Examining Board of Psychology,* 85 Wash.App. 434, 932 P.2d 1267 (1997), the court held that an expert witness was immune from licensing board disciplinary proceedings, which were filed against him for providing misleading opinions in child custody litigation, under the doctrine of judicial immunity.

2. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Slawek v. State Board of Medical Education and Licensure,* 526 Pa. 316, 586 A.2d 362 (1991).

3. 63 P.S. § 422.41(8).

4. 63 P.S. § 422.41(6).

5. Act of December 20, 1985, P.L. 457, *as amended,* 63 P.S. §§ 422.1–422.45.

judicial immunity shielded him from the Board's administrative disciplinary proceedings.

By order dated June 24, 1997, the Board denied Dr. Huhta's motion to dismiss and remanded the case to a hearing examiner for an evidentiary hearing. On July 9, 1997, Dr. Huhta requested the Board to certify to this Court its denial of his motion to dismiss. The Board denied Dr. Huhta's request.

On July 24, 1997, Dr. Huhta filed a petition for review with this Court. The Board filed a motion to quash on August 8, 1997. By memorandum opinion dated August 29, 1997, this Court denied the Board's motion to quash and held that the Board's June 24, 1997 denial of Dr. Huhta's *motion to dismiss* was an appealable, collateral order pursuant to Pa. R.A.P. 313. Dr. Huhta subsequently appealed, and the case is now before us on the merits.

On appeal, Dr. Huhta argues that judicial immunity immunizes him from disciplinary proceedings before the Board. Before analyzing Dr. Huhta's argument, we first provide a brief overview of the doctrine of judicial immunity.

In *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986), the Supreme Court reiterated the principle of judicial immunity: Statements made in pleadings, as well as in the actual trial or argument of a case, are absolutely privileged, and the maker of the statements is immune from legal action as long as the statements are pertinent and material to the litigation. Furthermore, the privilege also extends to statements made *prior* to the judicial proceeding, provided they are pertinent and material to the impending litigation. *Id.* at 223, 507 A.2d at 356. *See also Moses v. McWilliams*, 379 Pa.Super. 150, 549 A.2d 950 (1988)(judicial privilege extends to pretrial communications.).

██ One of the policy reasons for recognizing judicial immunity is to ensure that all issues pertinent to the litigation are aired and explored in a manner that is unfettered by the threat of defamation lawsuits. *Id.* at 220, 507 A.2d at 355. The privilege also exists because courts have other internal sanctions for dealing with improper and/or

defamatory statements, such as perjury or contempt proceedings. *Id.* at 221, 507 A.2d at 355. Finally, the privilege extends not only to attorneys but also to judges, witnesses, and to the parties to the litigation, in order to ensure litigants freedom of access to the court system without fear of legal consequences. *Id.*

In *Moses,* the court stated that the Pennsylvania legislature, by enacting the physician-patient privilege statute,[6] recognized that physician-patient confidentiality is not absolute, and that there are situations where it is necessary to weigh competing interests to determine if the confidentiality has been lost or surrendered by the patient. *Moses,* 549 A.2d at 955. The pertinent portion of the statute provides as follows:

> No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, which shall tend to blacken the character of the patient, without consent of said patient, *except in civil matters brought by such patient, for damages on account of personal injuries.*

42 Pa.C.S. § 5929 (emphasis added). The purpose of the highlighted portion of the statute is to permit physicians to reveal otherwise confidential information when they are being sued for malpractice, because the plaintiff/patient's expectations of privacy are reduced by the voluntary institution of litigation against the physician. *Moses,* 549 A.2d at 959.

In this case, we are arguably faced with two competing interests, patient confidentiality versus judicial immunity. Furthermore, it could be argued, as Dr. Huhta attempts to do, that judicial immunity is the stronger of the two and should immunize him from disciplinary proceedings before the Board. However, we need not, and do not, reach the issue of the relative strength of judicial immunity versus patient confidentiality, because Dr. Huhta faces not litigation in a court of law but rather a disciplinary proceeding before the Board, an administrative agency. We conclude that judicial immunity is not applicable to administrative disciplinary proceedings before the Board.

---

6. 42 Pa.C.S. § 5929.

One of the justifications for the existence of judicial immunity, unfettered access to the courts for litigants without fear of legal consequences, is arguably also applicable to administrative disciplinary proceedings before the Board. Concededly, it could be argued that any litigant, in this case Dr. Huhta, should be free to disclose any information that is pertinent and material to his litigation without fear that he will be disciplined by a Commonwealth administrative agency such as the Board.

However, we decline to extend judicial immunity to administrative disciplinary proceedings before the Board, because it is the Board in which the Commonwealth vests its trust to ensure the competency of practicing physicians and thereby protect the public. *Cassella v. State Board of Medicine, Bureau of Professional and Occupational Affairs*, 119 Pa.Cmwlth. 394, 547 A.2d 506, 512 (1988). It is the Board that is charged with the responsibility of overseeing the medical profession and determining the competency and fitness of an individual to practice medicine within the Commonwealth, *id.*, and we decline to handicap the Board in performing this important function.

In *Moses*, a patient sued a physician alleging breach of confidentiality during the physician's pretrial discussions with a medical malpractice defense attorney and the physician's testimony at the subsequent medical malpractice trial. The court ultimately held that the physician had not breached his duty of confidentiality, because the patient/plaintiff's expectations of privacy were reduced when she instituted the malpractice litigation. Judicial privilege was thus recognized as a bar to a *civil claim in a court of law.*

Of more significance to this case, however, the court in *Moses* noted that "[i]f [the physician] has behaved unethically, the medical profession can discipline him as would the legal profession reprimand a lawyer who violated the Code of Professional Responsibility." *Moses*, 549 A.2d at 954, n. 7. Thus, although the physician in *Moses* was immune from a civil lawsuit under the doctrine of judicial immunity, he was not necessarily immune from *disciplinary action by the medical profession.* The court cited in support of this proposition *Coralluzzo v. Fass*, 450 So.2d 858 (Fla.1984), a case in which a Florida court similarly stated that whether a physician has violated the ethical standards of the medical profession is a matter to be addressed *by the profession itself.*

We agree that it is the Board which has the primary responsibility of overseeing the medical profession and protecting the interests of the public, and therefore decline to handicap the Board in carrying out this important responsibility by extending the doctrine of judicial immunity to their administrative disciplinary proceedings.[7]

In so holding, we stress that we state no opinion as to whether Dr. Huhta would be protected by judicial immunity from a *civil lawsuit* by the patients whose records were disclosed, because that issue is not before us. In other words, we do not hold that patient confidentiality is a more compelling interest than judicial immunity. Rather, we hold only that judicial immunity does not shield a physician from administrative disciplinary proceedings before the Board.

We also stress that we state no opinion as to whether Dr. Huhta did or did not breach patient confidentiality by disclosing the records, because this is the issue that is to be determined by the hearing examiner. Again, we hold only that judicial immunity does not shield Dr. Huhta and prevent the hearing examiner from determining this issue on the merits.

Accordingly, the order of the State Board of Medicine, which denied Dr. Huhta's motion to dismiss and remanded the case to a hearing examiner for a decision on the merits, is affirmed.

## ORDER

AND NOW, this 27th day of January, 1998, the order of the State Board of Medi-

---

7. Regarding what Dr. Huhta *could* have done without incurring possible discipline by the Board, the Board noted in its opinion that he could have obtained patient consent, redacted patient identifying information from the records, or obtained a court order for production of the records *in camera.*

cine in the above-captioned matter is hereby affirmed.