Michael A. STILES

v.

ATLANTA GAS LIGHT COMPANY.

Civ. A. No. C77–1776A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 23, 1978.

William L. Harper, U. S. Atty., Barbara Harris, Atlanta, Ga., Carin Ann Clauss, Washington, D. C., Bobbye D. Spears, William H. Berger, Oliver M. Cooper, Jr., Atlanta, Ga., for plaintiff.

J. Lewis Sapp and Robert H. Buckler of Elarbee, Clark & Paul, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This action, brought pursuant to the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021, *et seq.*, is now before the court on the Department of Labor's motion to quash a subpoena. Rule 45(b), Fed.R.Civ.P.

Defendant noticed the deposition of William Sexton, Assistant Regional Administrator for the Labor-Management Services Administration, for March 14, 1978. Mr. Sexton was also issued a subpoena directing him to bring with him all documents relating to complaints or requests filed with the Labor-Management Services Administration by Billy Walpert, Larry Little, and any other persons who had sought assistance from that agency since January 1, 1968 pertaining to their rights under the Vietnam Era Veterans' Readjustment Assistance Act of 1974 or its predecessor, the Military Selective Service Act of 1967, with regard to their employment with defendant Atlanta Gas Light Company.

On March 13, 1978, the government filed its motion to quash which sets forth certain grounds for refusing to enforce the subpoena.* First, it relies upon the Privacy Act of 1974, 5 U.S.C. § 552a. That Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." except in certain situations. 5 U.S.C. § 552a(b). Movant notes that the subpoenaed material is found in Veterans' Reemployment Rights Complaint Files which are covered systems of records subject to this restriction against disclosure, 42 Fed.Reg. 49669 (Sept. 27, 1977), and, further, that on the facts presented here no exception contained in 5 U.S.C. § 552a(b) or promulgated pursuant to 5 U.S.C. § 552a(k) exempts such files from the nondisclosure provisions. The Department of Labor also states that the At-lanta Regional Office of the Labor-Management Services Administration has not received any prior written consents from any veterans whose records might be covered by this subpoena.

Defendant contends that even if the information is part of a protected system of records, the material in question falls within certain exceptions to the Privacy Act and thus should be disclosed. It relies upon section 552a(b)(3) which permits disclosure of a record without an individual's written consent "for routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section." Routine uses are those "which [are] compatible with the purpose for which [the information] was collected." 5 U.S.C. § 552a(a)(7). Pursuant to subsection (e)(4)(D) the Department of Labor has listed the routine uses of its records, stating:

> A record from any system of records set forth below may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate or administrative tribunal, including disclosures to opposing counsel in the course of litigation or settlement negotiations.

42 Fed.Reg. 49656 (Sept. 27, 1977). Defendant argues that this provision clearly encompasses the materials requested in the present litigation.

The government has responded that the routine use exception does not mean that "any time *any* case is in litigation, *all* files within that covered system of records, which would otherwise be nondisclosable, automatically lose their protection under the Privacy Act." Instead movant claims it applies only to the disclosure of an individual's otherwise protected file during the course of litigation with that specific individual.

The court concludes that the position advanced by the government is correct. To construe the routine use provision as defendant requests would undermine the pur-

---

\* Mr. Sexton attended his deposition on March 14, 1978, but did not produce any of the requested documents. The deposition was then adjourned until the court ruled on the motion to quash.

poses of the Privacy Act. *See Local 2047, American Federation of Government Employees v. Defense General Supply Center,* 423 F.Supp. 481 (E.D.Va.1976).

■ Defendant also argues that the exception permitting disclosure of a record "pursuant to the order of a court of competent jurisdiction" is applicable in the instant action. 5 U.S.C. § 552a(b)(11). It asserts that the subpoena issued here is such an order of the court. Again, however, the court must disagree. Section 552a(b)(11) provides for those cases in which, for compelling reasons, the court *specifically* directs that a record be disclosed. Mere issuance in discovery proceedings of a subpoena—which is always subject to the power of the court to quash or limit—does not meet this standard. *See United States v. Brown,* 562 F.2d 1144, 1152 (9th Cir. 1978). To so hold would permit precisely the type of privacy invasions the Act sought to prevent.

■ In view of the foregoing, it is clear that the Privacy Act will prevent disclosure in this case of the subpoenaed documents unless the court specifically orders them produced pursuant to section 552a(b)(11). Although defendant has not requested a court order under this section, it has indicated its reasons for seeking the material. Since both parties have addressed this point in their discussions of the relevancy of the documents, the court will consider the propriety of issuing an order requiring production.

■ Defendant asserts that the subpoenaed material should be supplied because "it might relate to a defense of estoppel." The instant action involves the statutory rights of a returning veteran under the Vietnam Era Veterans' Readjustment and Assistance Act, and, according to defendant, "the position taken, and advice given, by the Department of Labor to the Defendant in previous investigations under this Act and its predecessors is quite relevant."

It is clear from its statements that defendant seeks the subpoenaed information to assert an estoppel defense against plaintiff based not on plaintiff's conduct but on the actions of the Department of Labor in connection with complaints by individuals other than plaintiff. Even assuming that the Department gave inconsistent advice over a period of time, such a defense as against an innocent plaintiff has no basis in law. As noted in *Pacific Shrimp Co. v. United States Dept. of Transportation,* 375 F.Supp. 1036, 1042 (W.D.Wash.1974):

> Estoppel may not be invoked, however, as a means of successfully avoiding the requirements of legislation enacted for the protection of the public interest. An administrative agency charged with protecting the public interest, is not precluded from taking appropriate action nor can the principles of equitable estoppel be applied to deprive the public of a statute's protection because of a mistaken action or lack of action on the part of public officials.

*See American Training Services, Inc. v. Veterans Administration,* 434 F.Supp. 988, 1002 (D.N.J.1977). Since the court concludes that an estoppel defense of this sort would be without merit, it finds that the documents in question are not necessary to the preparation of defendant's case and declines to issue an order excepting the documents from the protection of the Privacy Act.

Accordingly, because the Privacy Act of 1974, 5 U.S.C. § 552a, proscribes disclosure of the subpoenaed documents at issue here, the court directs that the subpoena issued to Mr. William Sexton be quashed.

So ordered, this 22nd day of June, 1978.