Judith **CLAVIR**, Stewart Albert, William Kuntsler, Plaintiffs,

v.

**UNITED STATES** of America, Clarence M. Kelly, Individually and as Director, FBI, Robert McGuire, as Police Commissioner of the City of New York, William Connellie, Individually and as Superintendent of the New York State Police, L. Patrick Gray III, Individually and in his former capacity as Director of the FBI, Griffin Bell, as Attorney General of the United States, Wallace J. Laprade, Individually and as Assistant Director of the FBI, New York Field Office, Robert L. Shackleford, John F. Malone, "John" Palmer, Robert Thetford, Jack S. Aldrige, Edward Ledham, George McNeil, George T. Twadell, Unknown Agents of the FBI, Individually and as agents of the FBI, James O. Ingram, Individually and as an agent of the FBI, Andrew J. Decker, Individually and as an agent of the FBI, Defendants.

**76 Civ. 1071.**

United States District Court,
S. D. New York.

June 13, 1979.

---

Michael Ratner, Center for Constitutional Rights, New York City, and Paul Chevigny, New York Civil Liberties Union, New York City, for plaintiffs.

Jack B. Solerwitz, Mineola, N. Y., for defendant Twadell.

Ronald T. Knight, Almand, Grice, Knight & Mills, Macon, Ga., for defendant Thetford.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, by Michael H. Dolinger, Asst. U. S. Atty., New York City, for defendants Bell, Webster, and United States.

Ronald T. Knight and O. Hale Almand, Jr., Almand, Grice, Knight & Mills, Macon, Ga. (John P. Donohue, New York City, and Charles T. Erion, Macon, Ga., of counsel), for intervenors John Doe I through John Doe V.

## OPINION AND ORDER

OWEN, District Judge.

In this action the plaintiffs allege that they were the subject of illegal surveillance activities at the hands of the Federal Bureau of Investigation, and in particular that the home of plaintiffs Clavir and Albert was illegally entered and bugged by FBI agents.

It appears that there exist in the files of the Department of Justice memoranda by Department of Justice attorneys summarizing interviews of FBI agents on the subject of surreptitious entries. These interviews, which were part of a Department of Justice investigation into the alleged use of unauthorized investigative techniques by some FBI agents, apparently yielded information about entries into the plaintiffs' home. The memoranda describing these interviews are thus relevant and discoverable unless some recognized privilege applies. Fed.R.Civ.P. 26(b)(1).

Plaintiffs have requested that the government produced these documents, and the government has consented to do so. However, defendants Twadell and Thetford, who are among the FBI agents whose interviews are reported in these memoranda, have moved for a protective order to prevent the release of these documents. Fed.R.Civ.P. 26(c)(1). In addition, five other FBI agents, identified as John Doe I through John Doe V, have moved to intervene anonymously for the limited purpose of requesting a protective order like that being requested by Twadell and Thetford.

The movants advance a great variety of privileges which they say render these documents not subject to discovery. An examination of these asserted privileges, however, reveals that they are inapplicable in this case.

■ The work-product privilege, for example, is for the protection of the attorneys whose work product is sought. Since the Department of Justice has chosen not to assert this privilege here, it is unnecessary to consider whether it might apply if it were raised by the proper party. Similarly, the attorney-client privilege has no applicability in this case, since there was no attorney-client relationship between the investigators and the agents being interviewed. If anything, the relationship was much closer to that between a prosecuting attorney and a prospective grand jury witness. Indeed, these interviews were carried out in close connection with a grand jury investigation, and the movants have argued that the secrecy of grand jury proceedings, Fed.R.Crim.P. 6(e), should attach to these interviews as well, it being a mere fortuity or a mere matter of convenience that the questioning took place outside rather than inside the grand jury room. This argument is not without appeal, but the law draws the line of secrecy at the door to the grand jury. This court may not shift that line.

■■ The movants also claim that this information is protected by the Privacy Act of 1974, 5 U.S.C. § 552a(b). But it has never been suggested that the Privacy Act was intended to serve as a limiting amendment to Part V of the Federal Rules of Civil Procedure, and exception (11) to § 552a(b) makes it completely clear that the Act cannot be used to block the normal course of court proceedings, including court-ordered discovery. Beyond these statutory considerations, however, the movants assert that their cooperation in these interviews was obtained only by means of government promises that their statements would be kept confidential, and that for the government to turn over these documents as it now proposes to do would breach that agreement. Evidence introduced by the government, by affidavit, strongly indicates that there were no such promises; in any event, no government official has the power to promise that information will be kept confidential in the face of a lawful demand for discovery backed up by an order of the court. These agents, who were represented by counsel in their dealings with the Department of Justice, would therefore have been entirely unwarranted in believing that any promise of confidentiality by a Justice Department attorney would be binding upon the courts.

Finally, the movants seek to rely upon an informer's privilege and on their Fifth Amendment privilege against self-incrimination. The first of these, however, is not theirs to assert. It is a privilege that the government may sometimes invoke to keep the identity of its informants secret. It is not a right of the informant to keep secret the substance of his information. Thus, an informant may not command that his information not be used, or that it only be used for such purposes as the informant chooses. While the Fifth Amendment privilege is the movants' to assert, it is only applicable in a proper context, as when one is being compelled to give testimony or when previously compelled testimony is sought to be used against him in a criminal case. The present context, in which previously given statements are sought for use in a civil case, raises no Fifth Amendment issue.

Given the foregoing, the motions of defendants Twadell and Thetford for a protective order are denied.

At oral argument on these motions, counsel for the would-be John Doe intervenors was permitted to argue their position on the issue of a protective order. Thus, as a practical matter, their purpose in seeking to intervene has been substantially fulfilled. A determination having been made herein as to the protective order, there is no need to rule upon the novel request for anonymous intervention for a limited purpose. The motion to intervene is therefore denied as moot.

So ordered.