Kashiwa, Judge,
dissenting:
I respectfully dissent. I believe the defendant has shown the requisite "irreparable injury” required to warrant interlocutory review. Rule 53(c)(2)(ii). Though the irreparable injury in the present case is not to the Government, the Government clearly has the right and duty to protect the privacy rights of individuals not parties to the litigation. Department of State v. Washington Post Co., 456 U.S. 595 (1982). Disclosure of the records destroys the confidentiality that is specifically protected by statute. 5 U.S.C. § 552a (The Privacy Act). The intent of the Privacy Act is to prevent such unwarranted and unauthorized disclosures. Once records are disclosed, no remedy can restore their confiden *834 tiality. Hence disclosure, in my opinion, constitutes an irreparable injury.
Case law allows a court to order disclosure of these records only upon a showing of "compelling need.” E.g., Stiles v. Atlanta Gas Light Co., 453 F. Supp. 798 (N.D. Ga. 1978). The plaintiff has failed to show why he has not asked the individuals for the records as 5 U.S.C. § 552a(b) requires.[1] Neither has plaintiff attempted to depose or serve the individuals with a subpoena duces tecum for the records. Court intervention in the discovery process under the Privacy Act should be an option of last resort. Allowing disclosure of the documents by court order under the present circumstances sets poor precedent, which a district court in similar circumstances has very recently refused to do. United States v. A & C Investments, Inc., No. 80-C-5076 (N.D. 111. 1982).
Assuming the trial judge’s order was proper, its scope is too broad. Disclosing the records of all three employees is improper where plaintiff has shown independent grounds of suspicion for only one of the employees. Plaintiff has not presented any evidence linking the other two employees to the present fires. Nor has any evidence been introduced implicating the other two employees with fires prior to their employment with defendant.
Allowing the records of these two individuals to be disclosed without any basis is inimical to the purposes of the Privacy Act. The court is allowing disclosure upon the plaintiffs mere assertion that the records are needed in the suit.
Furthermore, the trial judge should screen the records to determine whether they contain information relevant to the plaintiffs suit. The trial judge then could disclose that information to the plaintiff, rather than giving the entire personnel files to plaintiff. That would protect the confidentiality of the records as much as possible and also provide the relevant information to plaintiff.
*835 For the above reasons, I respectfully dissent from the present order.

 5 U.S.C. § 552a(b) provides:
"(b) Conditions of disclosure. — No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be — ." [Emphasis supplied.]