**Harold MOORE, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. CV 84–1340.**

United States District Court, E.D. New York.

May 13, 1985.

Bloom & Amrod by Michael Creighton, Garden City, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by William B. Peterson, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for alleged violations of 5 U.S.C. § 552a, which concerns disclosure of federal employee records.

Plaintiff was a U.S. Postal Service employee. The Postal Service was served with a judicial subpoena duces tecum for

plaintiff's records. The subpoena was prepared by the attorney for plaintiff's wife in a divorce action, and approved by a state court judge. The Postal Service complied with the subpoena.

Under 5 U.S.C. § 552a(b), a federal agency generally cannot disclose an employee's records without his consent. However, under § 552a(b)(11), this rule does not apply when such disclosure is "pursuant to the order of a court of competent jurisdiction." Further, under § 552a(e)(8), an agency must "make reasonable efforts to serve notice on an individual when any record of such individual is made available to any person under compulsory legal process when such process becomes a matter of public record." An individual adversely affected by violations of these provisions may bring suit under § 552a(g)(1)(D).

■ The first issue is whether the subpoena in this case constituted a "court order" within the meaning of § 552a(b)(11). There is some authority for the proposition that mere issuance of a subpoena does not constitute a court order. *Stiles v. Atlanta Gas Light Co.*, 453 F.Supp. 798, 800 (N.D. Ga.1978). We respectfully disagree. We see nothing in the language of the statute to preclude its application to subpoenas. It is interesting to note in this connection that the judge who approved the subpoena used the words "so ordered", and that New York law requires a "court order" for the issuance of subpoenas of this type, CPLR 2302. While there might perhaps be some merit in the notion that a federal subpoena issued by the clerk pursuant to Rule 45(a) of the Federal Rules of Civil Procedure does not constitute a "court order", we believe that it is clear that a New York subpoena issued under CPLR 2302(b) (which cannot be issued by a clerk) constitutes a "court order". Although it appears that the attorney for plaintiff's wife failed to give the Postal Service notice of a motion for a subpoena (as is required by CPLR 2302(b)), this is of no relevance, since the notice is for the benefit of the Postal Service and may be waived by the Postal Service. We therefore hold that there has been no violation of § 552a(b).

■ The second issue is whether the Postal Service's failure to notify plaintiff of the release of the records pursuant to § 552a(e)(8) gives rise to a claim for relief in the instant case. We hold that it does not. We see no basis for believing that plaintiff was prejudiced by such absence of notice. Plaintiff's position appears to be that, had the Postal Service notified plaintiff before releasing the records, plaintiff could have opposed such release in court. However, § 552a(e)(8) does not speak of *advance* notice of release, but simply requires an agency to notify an individual of the fact that his records are being or have been released. If for any reasons the records were inadmissible, plaintiff could have raised this issue in the state court action. If plaintiff failed to raise the issue or received an adverse determination on the issue by a competent court, he has no right to complain. In any event, plaintiff has done no more than make a conclusory assertion of prejudice.

Defendant's motion for summary judgment is granted. Plaintiff shall have no relief. The Clerk shall enter judgment accordingly.

SO ORDERED.