**FORD MOTOR COMPANY, Plaintiff,**

**v.**

**UNITED STATES, Defendant.**

**Court No. 92–03–00164.**

United States Court of
International Trade.

June 15, 1993.

---

Stein Shostak Shostak & O'Hara, S. Richard Shostak and Robert Glenn White, Los Angeles, CA, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen. of the U.S., Civ. Div., U.S. Dept. of Justice, David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, A. David Lafer and Michael S. Kane, Joseph I. Liebman, Atty.-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Barbara M. Epstein, Washington, DC, for defendant.

## MEMORANDUM OPINION

CARMAN, Judge:

Plaintiff moves pursuant to USCIT R. 37(a) for an order to compel defendant to respond to interrogatories propounded under USCIT R. 33. In particular, plaintiff seeks the last known addresses for the persons identified in defendant's responses to interrogatory numbers 10, 35, and 36 from Plaintiff's First Set of Interrogatories. These interrogatories state the following:

10. Please identify all U.S. Customs Service Personnel who were assigned, pursuant to Section 146.3 of the Customs Regulations, to maintain appropriate Customs control over merchandise in Foreign Trade Sub–Zone Number 29–B in the period from January 1, 1983 to July 31, 1990.

35. If the person identified in your response to Interrogatory Number 34 is no longer an employee of U.S. Customs, please state when that person left that employment, and whether that person's severance of employment was because of retirement, voluntary resignation, or discharge by Customs, and that person's last known address.

36. With regard to your Answer to Paragraph 24 of the Complaint, please identify the "Customs Import Specialist at Cincinnati" who you say "discovered discrepancies and brought them to plaintiff's attention." Please include in your identification that person's present position with Customs, or last known residence address.

In response to the foregoing interrogatories, defendant provided the names of persons described by the interrogatories, but did not supply these persons' last known addresses. Defendant's responses read as follows:

10. Arthur Trussell, Port Director.

35. Nancy Pohl went on leave in 1988 and subsequently voluntarily resigned from employment with the Customs Service. The Government objects to disclosure of her home address, as production of this information would violate her right to privacy. See 5 U.S.C. § 552a.

36. Richard McNally, Sr. Import Specialist. Mr. McNally retired from the U.S. Customs Service in April, 1990. The Government objects to disclosure of his home address, as production of this information would violate his right to privacy. See 5 U.S.C. § 552a.

These responses clearly indicate the government objects to portions of interrogatory numbers 35 and 36 on the basis of 5 U.S.C. § 552a (1988). See the Privacy Act of 1974, Pub.L. No. 93–579, 88 Stat. 1897 (codified as amended at 5 U.S.C. § 552a (1988 & Supp. II 1990)). The specific provision of the Privacy Act at issue on this motion is 5 U.S.C. § 552a(b)(11), which states the following:

(b) **Conditions of Disclosure.**—No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—

. . . .

(11) pursuant to the order of a court of competent jurisdiction. . . .[1]

---

1. As it appears in § 552a, the term "record" applies to any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his

Section 552a(b)(11) is one of twelve grounds set forth in § 552a(b)(1)–(12) that permit government agencies to disclose records that would otherwise be protected under § 552a(b).

Defendant contends the Court must apply a balancing test in order to determine whether disclosure is proper under § 552a(b)(11), citing *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir.1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985). Defendant suggests that because the Supreme Court has adopted a balancing test with respect to the "personnel and medical files" exemption under the Freedom of Information Act (FOIA), such a test is also appropriate when assessing the "court order" exemption under the Privacy Act. *See Department of the Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). With respect to the particular test the Court should apply, defendant argues that plaintiff must demonstrate that plaintiff's need for the information it seeks through discovery outweighs the privacy interest of the individual to whom the information relates, citing *FLRA v. Department of the Treasury*, 884 F.2d 1446, 1450–53 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 947 (1990); *FLRA v. Department of Veteran Affairs*, 958 F.2d 503, 508–11 (2d Cir.1992); *FLRA v. Department of the Navy*, 963 F.2d 124, 125 (6th Cir.1992). For the reasons which follow, the Court does not find defendant's contentions persuasive.

■ In assessing discovery requests based on 5 U.S.C. § 552a(b)(11), courts need only apply the ordinary relevancy standard set forth in Fed.R.Civ.P. 26(b)(1) (FRCP). *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C.Cir. 1987); *Mary Imogene Bassett Hosp. v. Sullivan*, 136 F.R.D. 42, 49–50 (N.D.N.Y.1991).

FRCP 26(b)(1) provides for the following in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Thus, once a court determines the information sought under 5 U.S.C. § 552a(b)(11) is relevant, the court can compel the party opposing the discovery request to furnish the information. Contrary to defendant's assertion, the Privacy Act does not establish a qualified discovery privilege that requires a party seeking disclosure under 5 U.S.C. § 552a(b)(11) to prove that its need for the information outweighs the privacy interest of the individual to whom the information relates. *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D.N.Y.1979), *construed in Laxalt*, 809 F.2d at 890. As a result, the Court finds that the "need-based" balancing test advanced by defendant "finds no support in … case law … or in the Privacy Act itself." *Laxalt*, 809 F.2d at 890.

With one exception, the cases upon which defendant relies applied a balancing test for information requests based on the FOIA provision in 5 U.S.C. § 552a(b)(2),[2] but not for requests based on the "court order" provision in 5 U.S.C. § 552a(b)(11). *See, e.g., FLRA v. Department of the Treasury*, 884 F.2d 1446, 1450–53 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 947 (1990) (reasoning that a party making a FOIA-

---

education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

5 U.S.C. § 552a(a)(4).

**2.** 5 U.S.C. § 552a(b)(2) reads as follows:

(b) **Conditions of Disclosure.**—No agency shall disclose any record which is contained in

a system of records by any means of communications to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—

. . . .

(2) required under section 552 of this title. . . .

Section 552 of title 5 contains FOIA's provisions.

based information request must demonstrate that the public interest in disclosure outweighs the individual's interest in the information sought); *FLRA v. Department of Veteran Affairs*, 958 F.2d 503, 508–11 (2d Cir. 1992) (comparing the competing interests of public disclosure with the individual's privacy right to determine whether disclosure is proper under FOIA); *FLRA v. Department of the Navy*, 963 F.2d 124, 125 (6th Cir.1992) (incorporating by reference the reasoning of, among other cases, *FLRA v. Department of Veteran Affairs*, 958 F.2d at 503 and *FLRA v. Department of the Treasury*, 884 F.2d at 1446). As was explained by the Court of Appeals for the District of Columbia in *FLRA v. Department of the Treasury*,

> [w]hile the Privacy Act generally prohibits disclosure of personnel information, it excepts disclosures "required under" FOIA. 5 U.S.C. § 552a(b)(2). FOIA in turn generally requires disclosure, but exempts information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Application of exemption 6 requires a balancing of the harm to the individual whose privacy is breached against the public interest served by disclosure.

884 F.2d at 1451 (citation omitted). This discussion indicates that where a party seeks government personnel information and relies on the FOIA-based provision in the Privacy Act, 5 U.S.C. § 552(b)(6), the party must comply with FOIA's standards governing the disclosure of personnel information under 5 U.S.C. § 552(b)(6). Because the "court order" provision set forth in 5 U.S.C. § 552a(b)(11) does not reference FOIA, the FOIA standard contained in 5 U.S.C.

§ 552(b)(6) is irrelevant to disclosure requests based on 5 U.S.C. § 552a(b)(11). The one decision that has applied a balancing test to information requests predicated on 5 U.S.C. § 552a(b)(11) does not persuade the Court that it should adopt the FOIA-based standard in this case.[3] *See Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir.1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985). Because this Court concludes that neither case law nor the Privacy Act itself supports the application of a balancing test to information requests predicated on 5 U.S.C. § 552a(b)(11), this Court declines to follow *Perry*. *Cf. Laxalt*, 809 F.2d at 890 ("[I]f *Perry* may be read to abandon or modify the standards of the FRCP in reviewing discovery requests under the Privacy Act, then we would disagree with its holding.").

Having found that the relevancy standard embodied in FRCP 26(b)(1) applies to discovery requests under 5 U.S.C. § 552a(b)(11), the Court must now decide whether the information sought by plaintiff is relevant. In particular, plaintiff seeks the last known addresses for the following persons: (1) Arthur Trussell, a former Customs Service Port Director who controlled merchandise in Foreign–Trade Sub–Zone (FTSZ) Number 29–B from January 1, 1983 to July 31, 1990; (2) Nancy Pohl, a former Customs Service entry aid in Louisville, Kentucky; and (3) Richard McNally, Sr., a former Customs import specialist in Cincinnati, Ohio. Plaintiff Interrogatories Numbers 10, 34, 35, 36 and Defendant's Responses Thereto. A review of plaintiff's complaint and defendant's answer in the underlying action establish that: (1) plaintiff's claims relate to merchandise that plaintiff entered into the

---

**3.** Although defendant refers to *Stiles v. Atlanta Gas Light Co.*, 453 F.Supp. 798 (N.D.Ga.1978) to support further its contention that the Court should apply a balancing test to plaintiff's discovery request, this Court's review of the case indicates that the *Stiles* court did *not* apply such a test. *See id.* at 800 ("Section 552a(b)(11) provides for those cases in which, for compelling reasons, the court *specifically* directs that a record be disclosed.") (emphasis in original). The *Stiles* court appears to have assessed the need for the information sought by the defendant in terms of the legal relevancy that the information may

have. *See id.* (reasoning that because the information sought relates to a defense that is not available to the defendant, the information is not necessary to the defendant's case). While it does not appear that the *Stiles* decision used a balancing test, this Court nevertheless declines to endorse the approach adopted in that decision. Similar to the balancing test urged by the defendant in this case, the *Stiles* court's "need" analysis would appear to supplant improperly the ordinary relevancy test mandated by FRCP 26(b)(1) and adhered to by this Court.

United States customs territory between December 30, 1985 and February 7, 1986 and that was liquidated between 1989 and 1990; and (2) plaintiff entered the merchandise in Cincinnati, Ohio from FTSZ Number 29B located in Louisville, Kentucky.

A fair reading of the discovery requests at issue on this motion indicates that each request is relevant to the underlying action in this case. In short, each individual about whom plaintiff seeks information would appear to have "knowledge of . . . discoverable matter" within the meaning of FRCP 26(b)(1). The person named in interrogatory number 10, Arthur Trussell, controlled the merchandise in the FTSZ out of which plaintiff imported its products into the United States customs territory. The individual referred to in interrogatory number 35, Nancy Pohl, worked as an entry aid at the FTSZ in Louisville at the time when plaintiff entered the merchandise from the FTSZ into the United States customs territory. And, the person identified in interrogatory number 36, Richard McNally, Sr., was the Customs Service import specialist in Cincinnati, Ohio who reviewed the entries that are the subject matter of the underlying action in this case. Because each of these individuals appears to have had the opportunity to process the entries at issue in this case, the Court finds that they would have "knowledge of . . . discoverable matter" within the meaning of FRCP 26(b)(1). As a result, the Court finds further that the last known address of each of these persons is relevant to this case.

### CONCLUSION

This Court makes the following holdings: (1) the last known addresses for Arthur Trussell, Nancy Pohl, and Richard McNally, Sr., are relevant to the underlying claims in this case; (2) disclosure of these individuals' last known addresses by defendant is proper under 5 U.S.C. § 552a(b)(11); and, (3) disclosure of the aforementioned information is appropriate under 5 U.S.C. § 552a(b)(11) for the limited purpose of these judicial proceedings.