**In re Ronald E. TUCKER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 94–BG–1280.**

District of Columbia Court of Appeals.

Submitted Dec. 27, 1995.
Decided Feb. 27, 1997.

James T. Maloney, Washington, DC, for Respondent.

Leonard H. Becker, Bar Counsel, and Elizabeth A. Herman, Senior Assistant Bar Counsel, for the Office of Bar Counsel.

SCHWELB, Associate Judge:

This matter is before the court on the motion of the Office of Bar Counsel for an order directing the Federal Bureau of Inves-

tigation (FBI) to produce materials relevant to a disciplinary proceeding and to make an FBI agent available to provide related testimony. On July 14, 1995, we granted Bar Counsel's motion as unopposed. The matter was subsequently reopened[1] and the parties have filed legal memoranda with respect to the question whether this court has authority to enter the requested order. We conclude that we have the requisite authority and reaffirm our order of July 14, 1995.

## I.

Ronald E. Tucker is a member of the bar of this court. On September 16, 1994, Tucker was convicted in the United States District Court for the District of Columbia of one count of attempted bribery in violation of D.C.Code §§ 22–103 and –712 (1996). On October 17, 1994, this court entered an order suspending Tucker from practice pending the determination of the appropriate discipline.

Bar Counsel contends that Tucker's conduct violated the Rules of Professional Conduct, that the offense of which he has been convicted involved moral turpitude, and that Tucker should be disbarred. See D.C.Code § 11–2503(a) (1995). During the course of the investigation which culminated in Tucker's conviction, the FBI made audio and video recordings relating to respondent's alleged attempts to bribe an employee of the District of Columbia government. Bar Counsel requested copies of these recordings from the FBI. Counsel for the FBI advised Bar Counsel, however, that it could not lawfully make the recordings available without an order of a court of competent jurisdiction directing disclosure. Bar Counsel then applied to this court for such an order.

Tucker contends that this court is not a court of competent jurisdiction. Accordingly, he has asked us to deny Bar Counsel's motion and to decline to order the FBI to produce the requested materials.

## II.

■ The Privacy Act of 1974 provides that, in general, and subject to certain speci-

fied exceptions, a federal agency may not disclose records which are subject to the Act to any person, or to another agency, without the consent of the individual to whom those records pertain. 5 U.S.C. § 552a (b). One of the exceptions to this broad proscription is that disclosure may be made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a (b)(11). We have not previously had occasion to decide whether, in circumstances such as those here presented, this court is a "court of competent jurisdiction" within the meaning of Section 552a (b)(11). We now conclude that this court is such a court.

It is undisputed that this court has jurisdiction over matters involving the professional discipline of attorneys admitted to our bar. See D.C.Code § 11–2501(a) (1995). The materials sought by Bar Counsel are relevant to a pending disciplinary proceeding. As the ultimate adjudicator of the appropriate discipline to be imposed on Tucker, this court is the judicial tribunal which is in the best position to balance Tucker's privacy interests against Bar Counsel's need for the evidence.

■ Although Tucker contends otherwise, we are satisfied that a "court of competent jurisdiction," as that term is used in Section 552a (b)(11), may include a court other than a United States District Court. Unlike other provisions of the Privacy Act and of the Freedom of Information Act (FOIA), see pp. 1216–1217 & n. 4, *infra*, Section 552a (b)(11) does not specify that the required order must be issued by a federal trial court, and there is no reason to read into the statute a limitation which does not appear in its text. In *Moore v. United States Postal Serv.,* 609 F.Supp. 681 (E.D.N.Y.1985), the court held that a subpoena issued by a New York court, which had been approved by the judge by the addition thereto of the words "so ordered," satisfied the requirements of the Privacy Act and was sufficient to authorize disclosure.[2] *Id.* at 682. In *Tootle v. Seaboard Coast Line R. Co.,* 468 So.2d 237 (Fla.App. 5th Dist.

---

**1.** It appears that Tucker's attorney did not initially receive the motion because it was mailed to an incorrect address.

**2.** We rely on *Moore* only for the proposition that a state court can be a "court of competent jurisdiction" within the meaning of the Privacy Act. We take no position on the question whether, in

1984), the court held that Section 552a (b)(11) represented a "broad exception" to the prohibitions contained in the Act, and that this exception should be "strictly construed in favor of disclosure, *especially in this type of situation where a state court rules on discovery matters in a state civil trial.*" *Id.* at 239 (emphasis added). More recently, the United States Court of Veterans' Appeals has held that a standing order of that court qualifies as an order of a court of competent jurisdiction within the meaning of the Act. *In re A Motion for a Standing Order,* 1 Vet. App. 555, 559 (1990).

These cases stand for the proposition that the court with jurisdiction over the substantive controversy likewise has jurisdiction to determine whether disclosure of the records in question should be required. We agree. The Privacy Act does not require that a second court, a stranger to the controversy, should have to be brought into a case whenever the disclosure of records is at issue and the Privacy Act is invoked. We discern no useful purpose that would be served by such a requirement.[3]

Tucker contends that "by its very terms, the Privacy Act only permits an order for the production of documents and testimony to be issued from the United States District Court for the District of Columbia." He cites 5 U.S.C. § 552(a)(4)(B). Section 552(a)(4)(B), however, is not a part of the Privacy Act, but

of the Freedom of Information Act (FOIA). This provision confers jurisdiction upon the United States District Court in cases in which the complainant requests an order directing the production of records which have been wrongfully withheld from the complainant. Section 552(a)(4)(B) thus provides a federal forum for individuals seeking to vindicate their private rights pursuant to the FOIA. It has no relevance to the present case, in which Tucker is not the plaintiff at all, and in which he is attempting, in a proceeding instituted by Bar Counsel pursuant to an entirely different statute, to prevent the disclosure of records relating to him.[4]

### III.

■ Tucker also claims that because "the evidence sought by the Bar Counsel involves a matter which occurred before a federal grand jury, the United States District Court for the District of Columbia is the only court which can order its disclosure. F.R.Crim. P. 6(e)(3)(D)." This contention rests on an incorrect premise, for the tape recordings in this case did not "occur" before the grand jury.

The tapes of which Bar Counsel is requesting copies were made during the course of the government's undercover investigation. If they were presented to the grand jury, they nevertheless plainly existed prior to the proceedings before that body. The events

general, a subpoena constitutes an order of a court of competent jurisdiction. *See Doe v. DiGenova,* 250 U.S.App. D.C. 274, 281–83, 779 F.2d 74, 81–83 (1985).

3. Bar Counsel represents that the FBI "deems this [c]ourt to be one of 'competent jurisdiction' within the meaning of the Privacy Act." We therefore need not explore the question whether, under other circumstances, any demand for disclosure which the FBI elected to resist could be removed to a federal forum pursuant to 28 U.S.C. §§ 1441 *et seq.*

4. Tucker also cites *Echols v. NLRB,* 525 F.2d 288 (6th Cir.1975), and *Rogers v. United States,* 15 Cl.Ct. 692 (1988), for the proposition that no tribunal other than the United States District Court "has original jurisdiction to order the FBI to release such information to the Bar Counsel." In *Echols,* an action by a private litigant to compel an agency to provide him with a transcript of certain proceedings before that agency, the court merely held that, as a federal appellate

court, it lacked original jurisdiction to enforce the FOIA. *Id.* at 288. In *Rogers,* the court held, *inter alia,* that a private individual's suit for access to records pursuant to the FOIA, and for the correction of her records pursuant to the Privacy Act, *see* 5 U.S.C. § 552a (g)(1), must be brought in the United States District Court. 15 Cl.Ct. at 695–96, 698. Neither of these cases presented any question as to whether a court other than a federal district court may be a "court of competent jurisdiction" within the meaning of Section 552a (b)(11).

We note that the Privacy Act, like the FOIA, contains a provision authorizing an individual who has been adversely affected by an agency's noncompliance with that Act to bring a civil action against the agency, and vesting the district courts of the United States with jurisdiction over such an action. *See* 5 U.S.C. § 552a (g)(1). This provision is entitled "Civil remedies," however, and it deals by its terms with civil actions against agencies by aggrieved individuals. Tucker has not brought a civil action against an agency, and Section 552a (g)(1) has no application.

memorialized in the recordings occurred long before any grand jury learned about them. Bar Counsel is thus seeking access to evidence that was in the FBI's possession independently of any grand jury proceeding. He is not attempting to uncover what took place before the grand jury.

Under these circumstances, the tapes are not "grand jury material" subject to the secrecy requirements of Rule 6(e) of the Federal Rules of Criminal Procedure. As the court explained in *United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir.1993),

> Rule 6 (e) "is intended only to protect against disclosure of what is said or takes place in the grand jury room ... [I]t is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury." *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960). Thus, if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process,[5] Rule 6(e) does not prohibit its release.

*Id.* at 1411–12.

Here, Bar Counsel has not asked for the transcripts of testimony before the grand jury or for the disclosure of any aspect of the grand jury's investigation. Rather, he seeks the live testimony of an FBI agent and the recordings of conversations in which Tucker allegedly attempted to bribe an employee of the District government. We agree with Bar Counsel that "[t]he testimony and exhibits are not [protected from disclosure] by Rule 6 simply because such evidence previously may have come before the grand jury."

## IV.

For the foregoing reasons, this court's order of July 14, 1995 is reaffirmed.

*So ordered.*

---

**5.** Tucker has been convicted of attempted bribery upon his plea of guilty, and there is no danger in this case that the integrity of the grand jury process will be compromised.